Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:    (702) 252-5002
Fax:   (702) 252-5006
Email: jes@slwlaw.com
        jtp@slwlaw.com
        kw@slwlaw.com
Attorneys for Defendant
Chase Home Finance LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT, | CASE NO. 2:11-cv-00149-GMN-PAL |
| Plaintiff, | |
| v. | |
| PULTE MORTGAGE LLC and CHASE BANK and CHASE HOME FINANCE LLC and IBM LENDER BUSINESS PROCESS SERVICES and MERS (Mortgage Electronic Registration System), | **CHASE HOME FINANCE LLC'S ANSWER TO COMPLAINT** |
| Defendants. | |

Defendant Chase Home Finance LLC, incorrectly named as Chase Bank and Chase Home Finance LLC ("Defendant"), by and through its counsel, answers the Complaint of Plaintiff Ellery J. Pettit as follows:

1. Answering the first paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### THIS ACTION

2. Answering the second paragraph, Defendant denies the allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

3. Answering the third paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Answering the fourth paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's research, denies the remaining allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

5. Answering the fifth, sixth, and seventh paragraphs, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### PARTIES, JURISDICTION, AND VENUE

6. Answering paragraphs 1, 2, and 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Answering paragraph 4, Defendant denies the allegations.

8. Answering paragraphs 5, 6, 7, and 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### FACTS

9. Answering the first, second, and third paragraphs in this section, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**THE DEBT INVOLVED IN THIS CASE**

10. Answering the first paragraph in this section, Defendant avers that matters relating to the ownership of the referenced real property are of public record, which matters speak for themselves, denies all allegations that are contrary to or inconsistent with the public record, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Answering the second, third, fourth, and fifth paragraphs in this section, Defendant avers that the referenced loan documents speak for themselves, denies all allegations that are contrary to or inconsistent with those documents, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Answering the sixth paragraph in this section, Defendant denies the allegations.

13. Answering the seventh paragraph in this section, Defendant denies the allegations to the extent they relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

14. Answering the eighth paragraph in this section, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Answering the ninth paragraph in this section, Defendant avers that it had an interest in the subject loan and property as a loan servicer, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Answering the tenth and eleventh paragraphs in this section, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Answering the twelfth paragraph in this section, Defendant avers that any foreclosure proceedings would be of public record, which matters speak for themselves, denies all allegations that are contrary to or inconsistent with the public record, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

18. Answering the thirteenth paragraph in this section, Defendant avers that it had a lawful right and authority to accept loan payments as a servicer, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. Answering the fourteenth and fifteenth paragraph in this section, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## THE EVIDENCE

20. Answering the first and second paragraphs in this section, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the content of the referenced documents, denies the remaining allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

21. Answering the third paragraph in this section, and Defendant denies the allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

22. Answering the first paragraph in this section, Defendant avers that any foreclosure proceedings would be of public record, which matters speak for themselves, denies all allegations that are contrary to or inconsistent with the public record, denies the remaining allegations to the extent they may relate to Defendant, and is without knowledge or information

4

sufficient to form a belief as to the truth of the remaining allegations.

23. Answering the second and third paragraphs in this section, and all subparts thereto, Defendant denies the allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

## SECOND CAUSE OF ACTION
### (Quiet Title)

24. Answering the first and second paragraphs in this section, Defendant denies the allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

## THIRD CAUSE OF ACTION
### (Accounting)

25. Answering the first paragraph in this section, Defendant avers that Plaintiff is not entitled to the relief requested.

## FOURTH CAUSE OF ACTION
### (Refund, Fees and Costs)

26. Answering the first, second, third, and fourth paragraphs in this section, Defendant denies the allegations to the extent they may relate to Defendant, and is without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they relate to other defendants.

27. Defendant denies all liability herein and denies all allegations of the Complaint that are not specifically admitted herein.

28. Defendant has been required to retain the services of attorneys to defend against this action, and has been damaged thereby, and is entitled to recover from Plaintiff reasonable attorneys' fees and costs of suit incurred herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred or limited by the doctrines of estoppel, waiver, and/or release.

3. The Complaint is barred by the terms of the promissory notes, deeds of trust, and related loan documents.

4. The Complaint is barred by Plaintiff's own failure to perform contractual and legal obligations.

5. The Complaint is barred or limited by applicable provisions of the Uniform Commercial Code, including, without limitation, those governing negotiable instruments and holders in due course.

6. The Complaint is barred or limited by the doctrines of justification, license, and/or privilege.

7. Defendant complied with applicable laws and no relief is proper that would abrogate or interfere with its rights, including nonjudicial rights of foreclosure and the procedures set forth in NRS 107.080 *et seq.* Any proceedings in foreclosure were in compliance with Nevada law, including requirements under NRS Chapter 107.

8. The claims are barred or limited by the doctrines of unclean hands, *in pari delicto*, and failure to do equity.

9. Plaintiff has failed to mitigate his alleged claims, losses, and damages.

10. The Complaint is barred or limited by Plaintiff's negligence, and the damages, if any, sustained by Plaintiff were the result of, or caused by, the fault, carelessness, contributory negligence, and/or comparative negligence of Plaintiff, which operates to eliminate or reduce any award herein.

6

11. Defendant has acted in good faith, and with reasonable and ordinary care, and its actions did not substantially contribute to the damages allegedly sustained by Plaintiff.

12. Plaintiff's Complaint is barred by his breach of contractual obligations regarding the subject property, including the underlying promissory notes and deeds of trust.

13. Defendant has satisfied any and all statutory, constitutional, and contractual obligations that may have existed toward Plaintiff.

14. Plaintiff's Complaint is barred by the applicable statutory periods of limitation, laches, or otherwise by the passage of time.

15. The Complaint is barred by, limited by, or otherwise subject to the applicable laws and statutory provisions governing pending actions, including NRS 14.015.

16. Defendant acted in accordance with reasonable commercial standards and practices; within any statutes, regulations, and guidelines that may apply to financial organizations, mortgage companies, and secured parties; and in compliance with any and all of its rights and obligations.

17. The actions complained of, and the resulting damages, if any, are the result of third parties over whom Defendant has no control, and Defendant has no responsibility or liability for such parties' acts or omissions.

18. There has been no justifiable and/or detrimental reliance by Plaintiff on any material misrepresentation or omission of Defendant.

19. The Complaint fails to comply with the requirements of Fed. R. Civ. P. 9, and there has been a failure to allege fraud with the requisite particularity.

20. The Complaint is barred by Plaintiff's failure to cure his default.

21. Foreclosure proceedings were and are permitted by applicable law, the deeds of trust, and agreements with Plaintiff, and there has been substantial compliance with Nevada law.

22. The Complaint is barred by, limited by, or subject to the provisions of the Declaratory Relief Act.

23. The Complaint is barred by, limited by, or subject to the provisions of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*

24. Plaintiff may not be the real party in interest, and the claims may be subject to matters of bankruptcy law.

25. Plaintiff may not act as a private attorney general, and there is no private right of action for some claims, and he lacks standing to assert some of the claims raised.

26. Defendant incorporates all the defenses enumerated in Fed. R. Civ. P. 8, which are incorporated for the purpose of not waiving any such defense.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2. That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein in the defense of this action; and

. . .

. . .

. . .

3. For such other and further relief as the Court deems just and proper.

DATED this 4th day of April, 2011.

SMITH LARSEN & WIXOM

*/s/ Jay Earl Smith*

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
Chase Home Finance LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___4___ day of April, 2011, a true copy of the foregoing **Chase Home Finance LLC's Answer to Complaint** was filed electronically via the Court's CM/ECF system and served either by mail, postage prepaid, or electronically to the following as noted:

Ellery J. Pettit
6868 Skypointe Drive, #2136
Las Vegas, NV  89131
Plaintiff in Pro Per
*(Service via U.S. Mail)*

Michael R. Brooks, Esq.
Jeffrey J. Todd, Esq.
BROOKS BAUER LLP
300 S. Fourth St., Ste. 815
Las Vegas, NV 89101
Attorneys for Specially Appearing Defendants
IBM Lender Business Process Services and
Mortgage Electronic Registration Systems, Inc.
*(Service via CM/ECF)*

_____
an employee of Smith Larsen & Wixom