1  Michael R. Brooks, Esq.
   Nevada Bar No. 7287
2  Jeffrey J. Todd, Esq.
   Nevada Bar No. 10780
3  BROOKS BAUER LLP
   300 S. 4th Street, Suite 815
4  Las Vegas, NV 89101
   Ph (702) 851-1191
5  Fax (702) 851-1198
   *Attorneys for Defendants*
6  *IBM Lender Business Process Services and*
   *Mortgage Electronic Registration System*
7

8              **UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF NEVADA**

10

11 ELLERY J. PETTIT,                    | Case No.:    2:11-cv-00149-GMN-PAL

12              Plaintiff,

13       vs.                            | **MOTION TO DISMISS COMPLAINT**
                                        | **PURSUANT TO FRCP 12(b)(6) AND**
14 PULTE MORTGAGE LLC AND CHASE BANK    | **EXPUNGE LIS PENDENS**
   AND CHASE HOME FINANCE LLC AND IBM
15 LENDER BUSINESS PROCESS SERVICES
   AND MERS (MORTGAGE ELECTRONIC
16 REGISTRATION SYSTEM),

17              Defendants.

18       COME NOW, Defendants IBM LENDER BUSINESS PROCESS SERVICES ("IBM

19 LBPS") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), by and

20 through their counsel of record, MICHAEL R. BROOKS, ESQ. of the law firm BROOKS

21 BAUER LLP, and hereby move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6)

22 for an order dismissing Plaintiff's Amended Complaint with prejudice and for an order

23 expunging

   / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1

///

2

3

the lis pendens that is on title.  This motion is based upon the pleadings and papers on file

4

herein, the following Memorandum of Points and Authorities, and any oral argument the Court

may wish to hear.

5

        DATED this 16th day of May, 2011.

6

7                                                    BROOKS BAUER LLP

8                                     By:___/s/Michael R. Brooks, Esq._____

9                                              Michael R. Brooks, Esq.
                                               Nevada Bar No. 7287
10                                             Jeffrey J. Todd, Esq.
                                               Nevada Bar No. 10780
11                                             300 S. 4th Street, Suite 815
                                               Las Vegas, NV 89101
12                                             Ph (702) 851-1191
                                               Fax (702) 851-1198
13                                             *Attorneys for Defendants*
                                               *IBM Lender Business Process Services and*
14                                             *Mortgage Electronic Registration System*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## **INTRODUCTION**

In a last ditch effort to prevent a lawful foreclosure, Plaintiff has filed a complaint alleging four different claims for relief - none of which can properly be maintained against IBM LBPS and MERS. The simple fact of the matter, despite how much Plaintiff attempts to confuse it, is that Plaintiff executed a loan in March 2007 and received money in the approximate amount of $246,639.00. The loan was secured by a deed of trust on real property. Plaintiff executed documents giving a beneficiary the authority to foreclose if and when, as has happened here, Plaintiff failed to honor his obligations. Now, over four years after the loan was originated, Plaintiff apparently seeks to cancel the loan and prevent a foreclosure sale from occurring. Plaintiff's Complaint fails to set forth any cognizable grounds upon which such relief is warranted. By this Motion, Defendants IBM LBPS and MERS seek to dismiss the Plaintiff's Complaint and clear the cloud on title created by the lis pendens recorded by Plaintiff.

## **II.**

## **FACTS**

In or about March 2007, Plaintiff ELLERY J. PETTIT financed the purchase of real property through a promissory note (the "Note") in the amount of $246,639.00. To secure repayment, Plaintiff executed a Deed of Trust ("Deed of Trust;" attached hereto as Exhibit "A") on the real property located at 6868 Sky Pointe Dr., Unit 2136, Las Vegas, Nevada, 89131, A.P.N. 125-21-213-275 (the "Property").

MERS was named as the nominee beneficiary under the Deed of Trust. *See*, Exhibit "A". On January 26, 2011, the beneficial interest was assigned to Federal National Mortgage Association ("Fannie Mae"). Loan service transferred to Defendant IBM LBPS from Defendant Chase Home Financial in August 2010.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

Plaintiff defaulted on the Loan, resulting in the recording of a Notice of Default on January 5, 2011 (attached hereto as Exhibit "B").  To date, the Nevada Foreclosure Mediation Program has not yet issued a certificate allowing the foreclosure to proceed.  However, on January 28, 2011 -- nearly four years after the origination of the subject loan -- Plaintiff initiated this action by filing a Complaint in the United States District Court, setting forth four causes of action against the named defendants: 1) Declaratory Relief; 2) Quiet Title; 3) Accounting; and 4) Refund, Fees and Costs.  None of these claims are sufficiently pled, nor can Plaintiff maintain these claims against the Defendants.  Plaintiff also recorded a lis pendens with the Clark County Recorder's office (attached hereto as Exhibit "C").  Defendants LBPS and MERS now file this Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) and Expunge Lis Pendens, based upon Plaintiff's failure to state a claim upon which relief can be granted.

## III.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) states, in pertinent part,

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:…(6) failure to state a claim upon which relief can be granted….

FRCP 12(b)(6).  Pursuant to Federal Rule of Procedure 8(a), "[a] pleading that states a claim for relief must contain:…(2) a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).

The Supreme Court of the United States recently clarified the pleading standard imposed by FRCP 8(a)(2) and stated,

> a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted).  *See also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (noting that *Twombly* "expounded the pleading standard for all civil actions.")  The

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

*Twombly* court also noted that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

When deciding a motion to dismiss pursuant to FRCP 12(b)(6), the court must presume the truth of allegations of material fact and construe such allegations in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Id.*

Further, a dismissal based upon Rule 12(b)(6) "may be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). Finally, the court is permitted to "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-8 (9th Cir. 2003).

## IV.

## ANALYSIS

### A.   Plaintiff Has Failed to Allege Any Facts Concerning LBPS and MERS.

Plaintiff's Complaint fails to place LBPS and MERS on notice as to what they have purportedly done wrong. Even under the loose requirements of 'notice pleading', a plaintiff must set forth sufficient facts to support a legal theory, even if the legal theory is not correctly identified. *Liston v. Las Vegas Metropolitan Police Dept.*, 111 Nev. 1575, 1578 (1995). Here, Plaintiff has failed to set forth any facts alleging what LBPS and MERS have purportedly done, making it impossible for them to defend against Plaintiff's claims.  Instead, Plaintiff's Complaint appears to be a form pleading containing a boilerplate indictment against the mortgage and lending industry, specifically mortgage-backed securities.

The noticeable lack of specific allegations renders the Complaint impermissible. Notably, the Complaint's "Facts" section does not make a single reference to any party or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191   FAX: (702) 851-1198

particular fact of this case.  See, Complaint, pg. 4-5.  Moreover, Plaintiff does not even name LBPS in any of the allegations of the Complaint - the only mention of LBPS is in the "Parties, Jurisdiction, and Venue" paragraph. (Compl. pg. 3, ¶ 5).  For its part, LBPS is confused as to Plaintiff's intent.

Therefore, Plaintiff has failed to allege sufficient facts against MERS and LBPS to state a claim upon which relief may be granted, and the Complaint should be dismissed.

**B.    Plaintiff's claims for Declaratory Relief and Quiet Title are not sufficiently pled, nor is the Plaintiff entitled to the relief sought.**

While styled as claims for Declaratory Relief and Quiet Title, Plaintiff's first and second causes of action seek to prevent a purportedly wrongful foreclosure on the grounds that the Defendants allegedly do not have the authority or a security interest to foreclose upon the Property. (Compl. pg. 10, lns. 9-28).  However, Courts across the United States have universally rejected the arguments offered by the Plaintiff.

1)  Failure to Allege Lack of Default

Nevada law maintains that "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Ernestburg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) (internal citations and quotations omitted).  As such, the borrower must plead and "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale. *Collins v. Union Fed. Sav. and Loan Assoc.*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (citations omitted); see also, *Larson v. Homecoming Financial, LLC*, 680 FSupp.2d 1230, 1237 (D. Nev. 2009).

In the case at hand, Plaintiff has failed to plead that his loan is not in default.  This insufficiency alone bars his claims as a matter of law.  Yet Plaintiff's deficient pleading

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

continues, as he does not indicate that he is willing to make a "valid and viable tender of payment of the indebtedness owing." See, *Karlsen v. Am. Sav. and Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971). Plaintiff also fails to demonstrate that he has the ability to make the tender good. *Id.* at 118. See also *Napue v. Gor-Mey West, Inc.*, 175 Cal. App. 3d 608, 621 (1985). Since the Plaintiff requests the Court to do equity by setting aside the Defendants' express rights to perform a foreclosure sale, the Plaintiff must be willing <u>and</u> able to do equity by paying the amount he owes on the loan. In light of Plaintiff's failure to offer such a tender, the first and second causes of action must be dismissed.

    2) The Defendants Have the Power to Foreclose

    While Plaintiff's first and second causes of action fail to allege any wrongdoing on the part of LBPS and MERS, his form Complaint appears to raise an issue regarding the holder of the note. (Compl. pg. 7, lns. 3-8.). Plaintiff's claims for relief do not cultivate the "holder of the note" argument in any further detail, but LBPS and MERS will construe the Complaint as liberally as possible and address this issue as though it were sufficiently pled through the first and second causes of action.

    Under Nevada law, "[d]efendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure." *Urbina v. Homeview Lending Inc.*, 681 F. Supp. 2d 1254 (D. Nev. 2009) (dismissing Plaintiff's allegations that Defendants did not possess the original note). Specifically, NRS 107.080 does not require a person authorized under a deed of trust to produce the note before pursuing a non judicial foreclosure, and Nevada courts have long maintained that such deeds are enforceable. *See Orzoff v. MERS*, No. 2:08-cv-01512, 2009 WL 4643229, at *6 (D. Nev. Mar. 26, 2009).

    In the case at hand, Plaintiff's Complaint fails to allege any facts that support his meritless allegations regarding production of the Note, securitization of the mortgage, or authority to foreclosure. Plaintiff fails to allege any facts suggesting that MERS was not the nominee of the owner of the promissory note; nor does Plaintiff allege any facts asserting that the promissory note and the deed of trust have been bifurcated. Plaintiff also fails to provide any legal authority

where the naming of MERS—and the consequent "splitting of the note"— is cause to enjoin a non-judicial foreclosure as wrongful. Plaintiff also does not make any allegation against LBPS or MERS relating to his claim for wrongful foreclosure.

Even if Plaintiff's Complaint contained sufficient facts, his allegation that his home loan was used to secure a mortgage-backed security has been universally rejected. Based on that allegation, Plaintiff incorrectly supposes the legal title to the note must have been transferred to the investors in the security. This allegation is not supported in the law. Using an asset to back a security is not the same thing as transferring legal title of that asset to the people and entities investing in that security. This theory is not legally plausible, and it has been rejected by Nevada Courts. See, *Birkland v. Silver State Financial Services, Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372, 2-3 (D. Nev. Aug. 25, 2010). Plaintiff cannot produce any conflicting authority that would inequitably allow him to maintain title to the Property without making his obligated mortgage payments. Therefore, Plaintiff's first and second causes of action for Declaratory Relief and Quiet Title should be dismissed.

**C.**   **Plaintiff's third and fourth causes of action lack specificity and are barred by the applicable statutes of limitations.**

Plaintiff's Third and Fourth Causes of Action are labeled "Accounting" and "Refund, Fees, and Costs". The undersigned counsel is unaware of such claims and does not believe that these causes of action are recognized by this Court.

Nevertheless, LBPS and MERS believe that through these causes of action, Plaintiff is attempting to set forth an argument that Defendants are barred from foreclosure due to some alleged conduct that took place at origination of the loan. (Compl. pg. 11, lns. 9-12). Plaintiff also vaguely alludes to a purported rescission of the mortgage. (Compl. pg. 8, lns. 16-28, pg. 9, lns. 1-6). Construed as liberally as possible, LBPS and MERS read Plaintiff's argument as purported violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Home Ownership and Equity Protection Act of 1994 ("HOEPA" - an amendment of TILA), and "Regulation Z," 12 C.F.R. § 226.1, *et seq.* However, TILA, HOEPA, and Regulation Z contain

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

a one year statute of limitations on claims for monetary damages, which runs from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). That date is the "date the plaintiff enters the loan agreement or, in the alternative, when the defendant performs by transmitting the loan funds to the plaintiffs [*sic*]." *Boursiquot v. Citibank F.S.B.*, 323 F.Supp.2d 350, 353 (D. Conn. 2004).

A borrower's right to rescind a transaction under TILA expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f) (emphasis added). Similarly, a consumer's right to rescind a transaction under Regulation Z expires three years after consummation of the transaction or the date of the violation or "upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.15(a)(3), 12 C.F.R. § 226.23(a)(3) (emphasis added). As such, the longest period within which it is possible to rescind is three years from the origination.

Here, Plaintiff entered into the loan at issue in this action in March 2007. (*See,* Deed of Trust, attached hereto as Exhibit "A"). However, Plaintiff did not file the Complaint that initiated this action until January 28, 2011, nearly four years after the Loan was consummated. (Compl. pg. 1). The statute of limitations on any claims for damages Plaintiff may have had ran in March 2008. Further, Plaintiff's right to rescind the loan expired in March 2010, three years after he entered into the Loan. Yet Plaintiff pleads that his written demands to Defendants were sent between August 27, 2010 and December 13, 2010 – all after the right to rescind the loan expired in March 2010. (Compl. pg. 8, lns. 5-6, 16-17).

As such, Plaintiff's third and fourth causes of action, purportedly grounded in TILA, HOEPA, and Regulation Z, are barred by the statutes of limitations, and should be dismissed.

## V.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are "(1) generally known within

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants respectfully request the Court take judicial notice of the documents attached hereto as *Exhibits "A"* through *"C"*, respectively.

1.    Deed of Trust, recorded in the Office of the Clark County Recorder as instrument 20070320-0003065, attached hereto as *Exhibit "A"*;

2.    Notice of Default, recorded in the Office of the Clark County Recorder as instrument number 20110105-0003560, attached hereto as *Exhibit "B"*; and

3.    Lis Pendens, recorded in the Office of the Clark County Recorder as instrument number 20110128-0001538, attached hereto as *Exhibit "C"*.

The documents attached hereto are public documents on file in the Office of the Clark County Recorder.   As such, those documents are generally known within the territorial jurisdiction of this Court.   Further, the documents attached hereto are capable of accurate and ready determination by resort to a source of reasonably undisputed accuracy – the Office of the Clark County Recorder.   Therefore, the existence and contents of those documents are not subject to reasonable dispute and Defendants request the Court take judicial notice of the documents attached hereto as *Exhibits "A"* through *"C"*.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

**VI.**

**CONCLUSION**

WHEREFORE, IBM LBPS and MERS hereby request that the Court, in accordance with FRCP 12(b)(6), dismiss Plaintiff's Complaint against these moving Defendants on the grounds that the Complaint fails to state a claim upon which relief may be granted. Defendants further request that this Court grant such further relief that it deems appropriate.

DATED this 16th day of May, 2011.

BROOKS BAUER LLP

By: /s/Michael R. Brooks, Esq.
      Michael R. Brooks, Esq.
      Nevada Bar No. 7287
      Jeffrey J. Todd, Esq.
      Nevada Bar No. 10780
      300 S. 4th Street, Suite 815
      Las Vegas, NV 89101
      *Attorneys for Defendants*
      *IBM Lender Business Process Services and*
      *Mortgage Electronic Registration System*

## **MOTION TO EXPUNGE LIS PENDENS**

Pursuant to NRS 14.015, a lis pendens must be expunged if, upon 15 days' notice, the party who recorded the lis pendens fails to establish to the satisfaction of the court all of the following elements:

(a)     The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;

(b)     The action was not brought in bad faith or for an improper motive;

(c)     He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and

(d)     He would be injured by any transfer of an interest in the property before the action is concluded.

NRS 14.015(2).

In addition to each of the four elements listed above, the party who recorded the lis pendens must also establish:

(a)     That he is likely to prevail in the action; or

(b)     That he has a fair chance of success on the merits in the action and the injury... would be sufficiently serious that the hardship on him in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief affecting the title or possession of the real property.

NRS § 14.015(3).

When a party fails to establish any of those elements, the lis pendens must be expunged. NRS 14.015(3) provides that "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation."

It is important to note that like California, the Nevada policy is to favor a restrictive application of the lis pendens statutes. As stated in *BGJ Associates v. Superior Court*, 75 Cal. App. 4th 952, 969 (Cal. Ct. App. 1999):

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

Courts have long recognized that 'because the recording of a lis pendens place[s] a cloud upon title of real property until the pending action [is] ultimately resolved, the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits.   (citations omitted)   In *Hilberg v. Superior Court*, 215 Cal.App.3d 539, 542, the Court stated, 'We cannot ignore as judges what we know as lawyers-that the recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits.'"

In the present case, Plaintiff fails to present a single viable claim in his form Complaint. Rather, Plaintiff offers a boilerplate indictment of the mortgage and lending industry, as set forth in the foregoing Motion to Dismiss.  Plaintiff appears to be making a last-ditch effort to avoid foreclosure and his legal obligation to repay the Loan he obtained.  For the reasons set forth in the preceding Motion to Dismiss, Plaintiffs' claims must be dismissed.  As such, Plaintiff cannot demonstrate that he is likely to prevail on the merits in this action and the lis pendens must be expunged.

DATED this 16th day of May, 2011.

BROOKS BAUER LLP

By:___*/s/Michael R. Brooks, Esq.*_____
       Michael R. Brooks, Esq.
       Nevada Bar No. 7287
       Jeffrey J. Todd, Esq.
       Nevada Bar No. 10780
       300 S. 4th Street, Suite 815
       Las Vegas, NV 89101
       *Attorneys for Defendants*
       *IBM Lender Business Process Services and*
       *Mortgage Electronic Registration System*

1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 300 S. Fourth Street, Suite 815, Las Vegas, Nevada 89101.

On this day, I served a copy of the foregoing **MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) AND EXPUNGE LIS PENDENS** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 16th day of May, 2011 at Las Vegas, NV.

_____/s/ Samantha Masia_____
An Employee of BROOKS BAUER LLP

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198