ELLERY J PETTIT
6868 SKYPOINTE DR. #2136
LAS VEGAS, NV 89131
Telephone ( 702 ) 788-6099
Plaintiff(s) in Proper Person

UNITED STATES DISTRICT COURT
District of NEVADA

ELLERY J PETTIT

      Plaintiff

vs.

PULTE MORTGAGE LLC and

CHASE BANK and

CHASE HOME FINANCE LLC and

IBM LENDER BUSINESS PROCESS

SERVICES and

MERS (Mortgage Electronic Registration System)

      Defendant(s)

Case No.: 2:11-cv-00149-GMN-PAL

Opposition To Defendants IBM LENDER BUSINESS PROCESS SERVICES and MERS Motion To Dismiss

      Ellery J. Pettit, Plaintiff, in proper person, files this Opposition to Defendants' IBM Lender Business Process Services (IBM LBPS) and MERS (Mortgage Electronic Registration System) (MERS) Motion to Dismiss Complaint filed with this Court on May 16, 2011.

      Plaintiff asks this Honorable Court to take judicial notice of the fact that he appears without Counsel, is not schooled in the law and legal procedures, and is not licensed to practice law.  Therefore his pleadings must be read and construed liberally.  Plaintiff also thanks the Court for mailing him the Minutes of the Court document notifying him of these motions, since he has not received anything from the defendants yet (as of 5/31). It appears they did file a certificate of mailing on 5/16. This is attached as Exhibit A. This improper documentation brings in to question the rest of their filing.

/

1

This Reply and Opposition is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all pleadings and documents herein, as well as any argument that may be presented at the hearing of this, or any other motions/matters; the Court is requested to take judicial notice as appropriate.

Dated: May 31, 2011.

_/s/ Ellery Pettit_
Ellery J. Pettit
Plaintiff
In Proper Person

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

An original Complaint was filed in the above-entitled action on January 28, 2011. On March 9, 2011, Defendants IBM LBPS and MERS filed a Motion to Quash Service (Dkt. 10) which was then withdrawn on April 12, 2011 (Dkt. 15). Plaintiff served a Waiver of Service of Summons on Defendants IBM LBPS and MERS on March 15, 2011. Receipt of the Waiver was acknowledged by legal counsel for IBM LBPS and MERS on March 23, 2011 (see Exhibit B). Defendants executed the Waiver of Service and were granted an extension of time to respond to the Complaint and did so on May 16, 2011 in the form of this Motion for Dismissal. In it, they refer to an "amended complaint" although there is only one complaint on record, the original (Dkt. 1).

Counsel for IBM LBPS and MERS offered several points of questioning, many which will be answered during the discovery phase of this case as outlined by the Court Order approving the discovery schedule submitted May 19, 2011 by ALL Defendants and Plaintiff (Dkt. 20 and 21). Their main argument seems to stem from the issue that the defendants are not sufficiently acquainted with all the documents involved in this action. Legal Counsel for defendants are proclaiming a lack of facts, and insult the plaintiff by alleging that this case is a "last ditch" effort to prevent foreclosure, and to indict the lending industry as a whole. If they had reviewed all the documents the plaintiff had sent over the last year, they would be aware that this action is an effort to ascertain who has ownership claims or any interest in the indebtedness of the Plaintiff and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise. It is evident that the Defendants cannot show ownership of the alleged Mortgage Loan. The paramount fundamental issue in this case is Holder in Due Course and that Defendants do not own, have not owned and do not even know where ownership of this loan resides.

Plaintiff's Complaint clearly states "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it."

### FACTS

In March 2007 the Plaintiff did enter into a mortgage loan agreement with Pulte to finance the purchase of the subject property. MERS was named as the nominee beneficiary under the Deed of Trust. Defense claims that on

3

January 26th, 2011 this beneficial interest was transferred to Fannie Mae. Public records do not show that this transfer was properly done, nor was the Plaintiff ever noticed of the exchange. The Notice of Default was recorded on January 5th by representatives for Fannie Mae, 21 days before this alleged transfer. The Plaintiff's complaint clearly states a valid cause for this action, maintained by facts. The Defense's motion for dismissal does not in any way address the cause for action clearly stated in the complaint, and instead apparently makes the argument that their misinterpretation of the complaint is reason for dismissal. The Plaintiff asks that the court deny the Motion for Dismissal, and let the Court Ordered Discovery proceed as planned.

## ANALYSIS

**A.  Plaintiff has Failed to Allege Any Facts Concerning LBPS and MERS**

Defendants state they do not understand what they have done wrong. Defense has received multiple documents requesting them to produce the original note in exchange for payment in full. All of these documents were sent via certified mail, with a notarized certificate of mailing. An example of one such document is attached as Exhibit C. The Defendants also state they are "confused" as to the Plaintiffs intent. Another indication of incomplete review of the pertinent documents, the intention to pay off the loan once the owner was found is reiterated in each one.

**B.  Plaintiff's claims not sufficiently pled**

   1) The Plaintiff has never denied that the loan is in default, and this case has been filed to find out who is the rightful recipient of any loan payments. The Plaintiff demonstrated willingness to pay in every document he sent the defendants, including Exhibit C.
   2) The Defendants have never shown that they have the power to foreclose. To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents.  Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies. In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of

Nevada stated that "MERS did not establish it was a real party in interest. MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do." Additionally, in a Landmark decision in the Kansas Supreme Court, National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage. In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), the case was dismissed with prejudice - lack of standing. In another case, Novastar Mortgage, Inc. v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing. It has failed to do so."

C. <u>Plaintiff's Third and Fourth Causes of Action Barred by Statute of Limitations</u>

This is a misinterpretation of the facts in the complaint. Plaintiff objects to Defendants allegations that many of the claims are time barred. Once again, the paramount fundamental issue in this case is Holder in Due Course.

### Response to Request for Judicial Notice

Plaintiff objects to the Defendants request for judicial notice. Their Notice of Default is not properly filed and handled according to NRS 107.080 thru 107.085 **Trustee's power of sale: Power conferred; required notices; effect of sale; circumstances in which sale may be declared void; duty to record; fees:**

1. Except as otherwise provided in NRS 107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security.

2. The power of sale must not be exercised, however, until:

(a) Except as otherwise provided in paragraph (b), in the case of any trust agreement coming into force:

(2) On or after July 1, 1957, the grantor, the person who holds the title of record, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property has, for a period of 35 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment;

(b) In the case of any trust agreement which concerns owner-occupied housing as defined in NRS 107.086, the grantor, the person who holds the title of record, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property has, for a period that commences in the manner and subject to the requirements described in subsection 3 and expires 5 days before the date of sale, failed to make good the deficiency in performance or payment;

The filed Default and Election to Sell was not properly recorded as the Beneficiary has not filed of record a transfer to the Trustee who signed the same. No such record exists with the Clark County Recorder.

### Conclusion

The paramount fundamental issue in this case is Holder in Due Course. Defense has failed to bring one cognizable argument against this action. Defendants in this case cannot show standing, therefore the plaintiff prays that the Court dismiss Defendants Motion to Dismiss for lack of standing in this case and grant Plaintiffs request to dismiss Defendants Motion for Dismissal.

Date: May 31, 2011

_____
Ellery J. Pettit
Plaintiff
In Proper Person

# EXHIBIT A

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 300 S. Fourth Street, Suite 815, Las Vegas, Nevada 89101.

On this day, I served a copy of the foregoing **MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) AND EXPUNGE LIS PENDENS** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 16th day of May, 2011 at Las Vegas, NV.

                    /s/ *Samantha Masia*
                    An Employee of BROOKS BAUER LLP

# EXHIBIT B

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_Ellery Pettit_
Plaintiff
v.
_MERS_
Defendant

Civil Action No. _2:11-cv-00149-GMN-PAL_

## WAIVER OF THE SERVICE OF SUMMONS

To: _Ellery Pettit_
(Name of the plaintiff's attorney or unrepresented plaintiff)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objectio ns to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _3/15/11_, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _April 12, 2011_

_Mortgage Electronic Registration System_
Printed name of party waiving service of summons

_[signature]_
Signature of the attorney or unrepresented party

_Jeffrey J Todd Esq._
Printed name

_300 S 4th St, Suite 815, Las Vegas, NV 87101_
Address

_jtodd@brockerbaver.com_
E-mail address

_(702) 851-1191_
Telephone number

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

| Print | Save As... | Reset |

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_Ellery Pettit_
Plaintiff
v.
_IBM LBPS, et a_
Defendant

Civil Action No. 2:11-cv-00149-GMN-PA

## WAIVER OF THE SERVICE OF SUMMONS

To: _Ellery Pettit_
(Name of the plaintiff's attorney or unrepresented plaintiff)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _3/15/11_, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _April 12, 2011_

_____
Signature of the attorney or unrepresented party

_IBM Lender Business Process Services_
Printed name of party waiving service of summons

_Jeffrey J. Todd, Esq._
Printed name

_300 S 4th St, Suite 815, Las Vegas, NV 89101_
Address

_jtodd@brockibauer.com_
E-mail address

_(702) 851-1191_
Telephone number

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.



# EXHIBIT C

In care of: CYNTHIA CASTELLANOS, Notary     For: ELLERY PETTIT
3316 Mastercraft Ave. N. Las Vegas, NV  89031   Phone 702-465-5124

Certified Mail # 7010 0780 0001 2857 2354
Return Receipt Requested

Aug 23, 2010

To:   CHASE BANK
      JAMES DIMON- President and CEO
      PO BOX 36520
      Louisville, KY  40233-6520

      IBM LENDER BUSINESS PROCESS SERVICES
      GREG SULLINS- Executive Director
      PO BOX 4121
      Beaverton, OR  97076-4121

Re: Funds in the amount of $246,303.71 held in Escrow for CHASE BANK; to settle Account No. 10337199; Original Note Requested and Required for Release of funds; Funds Available until Sept 27th, 2010.
Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

Dear Mr. Sullins:

At the request of ELLERY PETTIT, I am in receipt, as Escrow Agent, of "legal tender funds" in the amount of $246,303.71 to be paid to CHASE BANK upon production of the original (wet ink signature) promissory note held by you as collateral on loan number 10337199.

At your earliest convenience, please collect the funds by tendering the original note to me by Sept 27th, 2010.  ELLERY PETTIT requires this so that the note may not be represented for collection. Upon receipt of the original note, I will forward full payment of $246,303.71 now held in escrow to you or the agent you designate to receive funds. I am also available to personally exchange funds for the instrument. Contact me as soon as possible to schedule a meeting. Mr. ELLERY PETTIT will require that I return his payment to him on Sept 27th, 2010, so please do not delay. Should CHASE BANK default, on Sept 28th, 2010, I will issue an Affidavit of Non Response.

**I am not a party** to any dealings between CHASE BANK and ELLERY PETTIT, and am merely acting as an Escrow Agent (a neutral third party who ensures that all conditions of a transaction are met) to tender to you the funds during the time allotted. It is my responsibility to report either a successful exchange with, or a non-response by, CHASE BANK.

Sincerely yours,
CYNTHIA CASTELLANOS, Escrow/Notary

cc: ELLERY PETTIT

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on ___Sept 9TH___, 20 _10_, the undersigned Notary mailed to:

CHASE BANK
JAMES DIMON- President and CEO
PO BOX 36520
Louisville, KY 40233-6520

IBM LENDER BUSINESS PROCESS SERVICES
GREG SULLINS- Executive Director
PO BOX 4121
Beaverton, OR 97076-4121     By Certified mail # 7010 0780 0001 2857 2354

hereinafter, "Recipients," the documents and sundry papers pertaining to a certain Account # 10337199 as follows:

[Notary will indicate included documents with an X]

1. _X_ Due Presentment Under Notary Seal
2. _X_ Notary Certificate of Service
3. **Re: Funds in the amount of $246,303.71 held in Escrow for CHASE BANK; to settle Account No. 10337199; Original Note Requested and Required for Release of funds; Funds Available until Sept 27th, 2010.**

Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

by United States Post Office Certified and Regular mail by placing same in a postpaid envelope properly addressed to Recipients at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Post Office within the State of California.

_____    __9/9/10__   (Seal)
NOTARY PUBLIC                                         DATE

CYNTHIA CASTELLANOS, Notary,
3316 Mastercraft Ave.
N. Las Vegas, NV 89031

CYNTHIA L. CASTELLANOS
Notary Public, State of Nevada
Appointment No. 09-11335-1
My Appt. Expires Nov 21, 2013

[Note: Notary Public CYNTHIA CASTELLANOS is not an attorney licensed to practice law in the state of NEVADA and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. CYNTHIA CASTELLANOS is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.]