Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

*Electronically Filed: June 10, 2011*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>Plaintiff,<br><br>vs.<br><br>PULTE MORTGAGE LLC AND CHASE BANK AND CHASE HOME FINANCE LLC AND IBM LENDER BUSINESS PROCESS SERVICES AND MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM),<br><br>Defendants. | Case No.:   2:11-cv-00149-GMN-PAL<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

COME NOW, Defendants IBM LENDER BUSINESS PROCESS SERVICES ("LBPS") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), by and through their counsel of record, MICHAEL R. BROOKS, ESQ. of the law firm BROOKS BAUER LLP, and hereby submit this Reply to Plaintiff's Opposition to the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED this 10th day of June, 2011.

BROOKS BAUER LLP

By: /s/Michael R. Brooks, Esq.
Michael R. Brooks, Esq., NV Bar No. 7287
Jeffrey J. Todd, Esq., NV Bar No. 10780
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss confirms that the Complaint fails to state an adequate claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Plaintiff confirms in his Opposition that, "[t]he fundamental paramount issue in this case is Holder in Due Course and that Defendants do not own, have not owned and do not even know where ownership of this loan resides." [Dkt. 22 pg. 3, lns. 20-1.] Nevada law is clear that this issue does not create a sustainable cause of action, as set forth in the Motion to Dismiss. Because Plaintiff's "fundamental paramount issue" is based upon a legal theory that cannot be sustained, the Complaint should be dismissed without leave to amend, because re-stating this claim would be futile. In fact, Plaintiff's Opposition claims that his novel claims labeled "Accounting" and "Refund, Fees, and Costs" are simply guises for the "Holder in Due Course" argument. [Dkt. 22, pg. 5, lns. 19-21.] Such claims cannot be sustained. Plaintiff does not have a right to conduct discovery regarding the "owner" of the loan unless he is able to first adequately state a claim. Plaintiff has not met this burden. Additionally, Plaintiff's Opposition confirms that he is in default on the mortgage, which bars him from the equitable relief he seeks. [Dkt. 22, pg. 4, lns. 21-2.] Therefore, LBPS and MERS request that the Motion to Dismiss Pursuant to FRCP 12(b)(6) be granted in its entirety, without leave to amend.

## II.

## ANALYSIS

**A.     Plaintiff's Opposition fails to provide any facts concerning LBPS and MERS.**

As demonstrated in the Motion to Dismiss, Plaintiff's Complaint fails to allege any facts that demonstrate any wrongful conduct by LBPS or MERS. While an opposition is not a vessel for amending a complaint, Plaintiff's Opposition to Motion to Dismiss fails to provide any clarification as to the alleged wrongdoing by these Defendants. Rather, Plaintiff claims: "[t]he paramount fundamental issue in this case is Holder in Due Course and that Defendants do not

own, have not owned, and do not even know where ownership of this loan resides." [Dkt.22, pg. 3, lns. 20-1.]   This statement confirms that the Complaint is deficient as against LBPS and MERS.

Nevada law is clear on the Holder in Due Course issue: "[d]efendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure." *Urbina v. Homeview Lending Inc.*, 681 F. Supp. 2d 1254 (D. Nev. 2009) (dismissing Plaintiff's allegations that Defendants did not possess the original note). NRS 107.080 does not require a person authorized under a deed of trust to produce the note before pursuing a non judicial foreclosure, and Nevada courts have long maintained that such deeds are enforceable. *See Orzoff v. MERS*, No. 2:08-cv-01512, 2009 WL 4643229, at *6 (D. Nev. Mar. 26, 2009).

Additionally, Plaintiff cites a United States District Court case, *Mortgage Electronic Registration Systems, Inc. v. Chong*, No. 2:09-CV-0661-KJD-LRL (2009), for the proposition that MERS could not prove that it had possession of the Note. [Dkt. 22, pg. 4-5, lns. 26-8, 1-3.] However, the situation at hand is easily distinguished, as neither LBPS nor MERS purport to be the beneficiary of the subject Note and Deed of Trust. In fact, Plaintiff has not named the beneficiary as a party to his Complaint. The holder of the beneficial interest under the Note and Deed of Trust would seem to be an indispensible party if the "Holder in Due Course" argument is the basis for the Plaintiff's Complaint. MERS' interest terminated upon assignment, while LBPS is the loan servicer. Neither the Complaint nor the Opposition sufficiently explains the alleged wrongdoing by MERS and LBPS.

**B.     Plaintiff is not entitled to relief on his causes of action.**

As a matter of law, Plaintiff is not entitled to recovery on the four causes of action set forth in his Complaint. Plaintiff is admittedly in default on the Note: "The Plaintiff has never denied that the loan is in default." [Dkt. 22, pg. 4, lns. 21-2.] As set forth in the Motion to Dismiss, a claim for wrongful foreclosure fails if the borrower fails to plead and "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized

the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. and Loan Assoc.*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (citations omitted); see also, *Larson v. Homecoming Financial, LLC*, 680 F.Supp.2d 1230, 1237 (D. Nev. 2009). Like his Complaint, Plaintiff's Opposition also fails to indicate that he is willing to make a "valid and viable tender of payment of the indebtedness owing." See, *Karlsen v. Am. Sav. and Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971). Since the Plaintiff requests the Court to do equity by setting aside the Defendants' express rights to perform a foreclosure sale, the Plaintiff must be willing <u>and</u> able to do equity by paying the amount he owes on the loan. In light of Plaintiff's failure to offer such a tender in the Complaint and in the Opposition, the claims for Declaratory Relief and Quiet Title must be dismissed.

## III.

## CONCLUSION

LBPS and MERS respectfully request that the Court, in accordance with FRCP 12(b)(6), dismiss Plaintiff's Complaint without leave to amend as against these moving Defendants on the grounds that the Complaint fails to state a claim upon which relief may be granted and amendment would be futile. Defendants further request that this Court grant such other relief that it deems appropriate.

DATED this 10th day of June, 2011.

BROOKS BAUER LLP

By: */s/Michael R. Brooks, Esq.*
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*
*IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 300 S. Fourth Street, Suite 815, Las Vegas, Nevada 89101.

On this day, I served a copy of the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 10th day of June, 2011 at Las Vegas, NV.

*/s/ Daniela Balazs*
An Employee of BROOKS BAUER LLP