Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Seterus, Inc., f/k/a IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>           Plaintiff,<br><br>vs.<br><br>PULTE MORTGAGE LLC AND CHASE BANK AND CHASE HOME FINANCE LLC AND IBM LENDER BUSINESS PROCESS SERVICES AND MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM),<br><br>           Defendants. | Case No.:   2:11-cv-00149-GMN-PAL<br><br>**MOTION TO EXTEND DISCOVERY DEADLINES PURSUANT TO LOCAL RULE 26-4** |

COME NOW, Defendants SETERUS, INC. f/k/a IBM LENDER BUSINESS PROCESS SERVICES ("Seterus") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") (collectively, "Moving Defendants") by and through their counsel of record, MICHAEL R. BROOKS, ESQ. of the law firm BROOKS BAUER LLP, and hereby move this Court pursuant to Local Rule 26-4 to extend the discovery deadline currently set for October 3, 2011.

/ / /

/ / /

/ / /

/ / /

/ / /

This motion is based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may wish to hear.

DATED this 19th day of September, 2011.

        BROOKS BAUER LLP

        */s/Michael R. Brooks, Esq.*
        Michael R. Brooks, Esq.
        Nevada Bar No. 7287
        Jeffrey J. Todd, Esq.
        Nevada Bar No. 10780
        1645 Village Center Circle, Suite 200
        Las Vegas, NV 89134
        Ph (702) 851-1191
        Fax (702) 851-1198
        *Attorneys for Defendants*
        *Seterus, Inc.. f/k/a/IBM Lender Business*
        *Process Services and*
        *Mortgage Electronic Registration System*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Local Rule 26-4 provides for an extension of the discovery deadline when the parties may show good cause for the extension. Here, good cause is warranted to extend the discovery deadline because the pleadings in this matter have not closed. Notably, Seterus and MERS have not filed a responsive pleading to the Plaintiff's Complaint. Rather, on May 16, 2011, Seterus and MERS filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion to Dismiss") [Dkt. No. 17.]. The Motion to Dismiss has been fully briefed, and the parties are awaiting the Court's Order. Until the surviving claims set forth in Plaintiff's Complaint are identified, if any, discovery cannot proceed. Though this Motion to Extend Discovery is filed less than twenty-one (21) days before the close of discovery, the parties to this action excusably neglected the discovery deadlines because the issues before this Court have not been framed, as a decision on the Motion to Dismiss has not been entered. Neither Plaintiff nor the Moving Defendants have propounded any discovery to date. None of the parties to this action will be prejudiced by an extension of the discovery timeline. Extending discovery will allow the parties the opportunity to close the pleadings, identify any proper claims for relief upon a decision on the pending dispositive motion, and thereafter propound discovery within the scope of any surviving claims.

### III.

### LEGAL STANDARD

Local Rule 26-4 states, in pertinent part,

> Applications to extend**.** any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure

to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,

(d) A proposed schedule for completing all remaining discovery.

Local Rule 26-4.

## IV.

## ANALYSIS

**A. Extending Discovery is Warranted as This Case Is Not Ripe for a Settlement Conference or Trial.**

Seterus and MERS request that the discovery timeline be extended on the basis that this matter is not ripe for continued litigation. Specifically, Moving Defendants have not filed a responsive pleading to Plaintiff's Complaint. Rather, Moving Defendants filed their Motion to Dismiss on May 15, 2011, with the intent of filing a responsive pleading after the issues are framed by the pending dispositive motion. Additionally, Moving Defendants have not pled their affirmative defenses. Without a responsive pleading on file, this matter is not ripe for discovery, a settlement conference, or trial.

Moreover, without having the issues framed Plaintiff and Defendant have been unable to narrow the scope of discovery. In fact, without knowledge of which of Plaintiff's claims, if any, have merit, conducting discovery would have effectively been a "fishing expedition" by the parties. Accordingly, neither Plaintiff nor the Moving Defendants have propounded any discovery.

///

///

As such, Moving Defendants hereby request that this Court extend the discovery deadline to allow the Court to adjudicate the pending Motion to Dismiss. Thereafter, the Moving Defendants will have the information needed to file a responsive pleading, at which time, propounding discovery would be proper.

**B. The Requirements of Local Rule 26-4 Warrant an Extension of the Discovery Timeline.**

Local Rule 26-4 provides four elements that must be addressed in any motion seeking to extend the discovery timeline. In this case, each of the four elements weighs toward this Court granting an extension of the discovery timeline.

1.   A Statement specifying the discovery completed:

Plaintiff has not propounded any discovery upon Defendants. Moving Defendants have not propounded any discovery upon Plaintiff. Defendant Chase Home Financial, LLC ("Chase") has propounded Requests for Admission, Interrogatories, and Requests for Production of Documents upon Plaintiff. To date, Plaintiff has not provided responses to Chase's requests.

2.   A Specific Description of the Discovery that Remains to Be Completed:

Upon discerning which claims, if any, survive the pending dispositive motion, Moving Defendants believe that both Plaintiff and said Defendants may propound written discovery requests upon one another and set depositions, as necessary. However, until the pleadings are closed and the claims for relief and affirmative defenses are identified, determining any necessary discovery is based upon speculation.

3.   The Reasons Why the Deadline Was Not Satisfied:

Moving Defendants neither propounded discovery nor requested an extension of the discovery timeline due to their pending Motion to Dismiss Pursuant to FRCP 12(b)(6). If granted, the pending dispositive motion would have the effect of dismissing all claims and rendering the case against MERS and Seterus (f/k/a LBPS) as moot. The Motion to Dismiss was filed on May 15, 2011. Plaintiff's corresponding Opposition [Dkt. No. 22.] was filed on May 31, 2011, and Moving Defendants' Reply [Dkt. No. 26.] was filed on June 10, 2011. Seterus and

MERS have intended to propound discovery after the Motion to Dismiss is adjudicated and an Answer is filed in response to any remaining claims.

4. <u>A Proposed Schedule for Completing All Remaining Discovery:</u>

Seterus and MERS request that all discovery deadlines be stayed until the pending Motion to Dismiss has been adjudicated. Thereafter, Moving Defendants propose that a new discovery timeline be set, providing Plaintiff and Defendants sufficient time to propound discovery and take necessary depositions. Moving Defendants believe that 120 days will be sufficient, commencing upon the entry of an Order adjudicating the Motion to Dismiss.

## V.
## CONCLUSION

Based upon the foregoing, Defendants Seterus and MERS hereby request that this Court grant an extension of the discovery timeline. Specifically, Defendants request that the discovery timeline be stayed until the adjudication of the pending dispositive motion [Dkt. No. 17.]. Thereafter, Defendants request that the discovery timeline be reset to allow Plaintiff and Defendants sufficient time to propound discovery requests and set depositions as necessary. Moving Defendants do not move this Court for the sake of delay, and an extension of the timeline is not prejudicial to any party involved in this litigation.

DATED this 19th day of September, 2011.

BROOKS BAUER LLP

*/s/Michael R. Brooks, Esq.*
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Seterus, Inc.. f/k/a/IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

On this day, I served a copy of the foregoing **MOTION TO EXTEND DISCOVERY DEADLINES PURSUANT TO LOCAL RULE 26-4** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 19th day of September, 2011 at Las Vegas, NV.

                     */s/ Brandon Costantino*
                     An Employee of BROOKS BAUER LLP