Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Seterus, Inc., f/k/a IBM Lender Business Process Services and Mortgage Electronic Registration System*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>          Plaintiff,<br><br>vs.<br><br>PULTE MORTGAGE LLC AND CHASE BANK AND CHASE HOME FINANCE LLC AND IBM LENDER BUSINESS PROCESS SERVICES AND MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM),<br><br>          Defendants. | Case No.:   2:11-cv-00149-GMN-PAL<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINES PURSUANT TO LOCAL RULE 26-4**<br><br>**(First Request)** |

COME NOW, Defendants SETERUS, INC. f/k/a IBM LENDER BUSINESS PROCESS SERVICES ("Seterus") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") (collectively, "Moving Defendants") by and through their counsel of record, MICHAEL R. BROOKS, ESQ. of the law firm BROOKS BAUER LLP, and hereby reply to Plaintiff's Opposition to Motion to Extend Discovery Deadlines Pursuant to Local Rule 26-4.

/ / /

/ / /

/ / /

/ / /

/ / /

This Reply is based upon the pleadings and papers on file herein and the following Memorandum of Points and Authorities. Moving Defendants respectfully request the Court exercise its discretion pursuant to Local Rule 78-2 and decide the pending motion without a hearing.

Moving Defendants further request an expedited decision on the Motion to Extend Discovery, as the tentative discovery deadline has passed while the Motion has been pending.

DATED this 6th day of October, 2011.

BROOKS BAUER LLP

*/s/Michael R. Brooks, Esq.*
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Seterus, Inc.. f/k/a/IBM Lender Business*
*Process Services and*
*Mortgage Electronic Registration System*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Moving Defendants find Plaintiff's Opposition to the Motion to Extend Discovery to be rather curious. First, Plaintiff has conducted no discovery in this case, and extending the discovery deadline would provide him with an opportunity to gather evidence that would be necessary for his case at trial. Second, Plaintiff's only legal argument to oppose the Motion to Extend Discovery is that the request came less than twenty-one (21) days from the close of discovery. However, Moving Defendants conceded in the Motion to Extend Discovery that the Motion was filed fourteen (14) days from the proposed close of discovery. Yet, Moving Defendants demonstrated that extension of the discovery timeline was warranted on several grounds, none of which were refuted by Plaintiff. Most notably, the pleadings in this matter have not closed, as Seterus and MERS have not filed an Answer or raised affirmative defenses due to their pending Motion to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion to Dismiss") [Dkt. No. 17.]. Additionally, a Settlement Conference has been set for November 16, 2011, but this conference is premature if the Motion to Dismiss remains pending, the pleadings have not closed, and/or parties have not conducted any discovery. Accordingly, Moving Defendants request that the Motion to Extend be granted in its entirety.

## III.

## ANALYSIS

**A. Moving Defendants Have Established Excusable Neglect That Constitutes Granting the Motion to Extend Discovery Deadlines.**

Local Rule 26-4 provides that a Motion to Extend Discovery shall be made twenty-one (21) days from the expiration of discovery, and that any request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of

prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir.2000) ( *citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993))

Here, the factors weigh strongly in favor of extending the discovery timeline:

1)   <u>The danger of prejudice to the opposing party</u>

Plaintiff has not argued that he would be prejudiced by an extension of the discovery timeline. In fact, Plaintiff would be benefitted by the extension, since he has not propounded any discovery upon any Defendants. Accordingly, Plaintiff has not gathered any evidence that would support his case.

The length of the delay of filing the Motion to Extend Discovery was seven (7) days, which does not prejudice the Plaintiff in any manner. Rather than filing the Motion twenty-one (21) days in advance of the discovery cut-off, it was filed fourteen (14) days in advance. At the time of the Motion, discovery had not closed and no trial dates have been set. There is no apparent prejudice to the Plaintiff.

Additionally, Defendant Chase Home Finance, LLC would not be prejudiced, as it has filed a Joinder to the Motion, even though Plaintiff has not propounded discovery.

The first factor weighs toward granting the Motion to Extend.

2)   <u>The length of the delay and its potential impact on the proceedings</u>

Moving Defendants request that discovery be stayed in its entirety pending the outcome of the Motion to Dismiss [Dkt. No. 17.] This delay will provide clarity to the proceedings, since a result on the Motion to Dismiss will give the parties an opportunity to close the pleadings, define the scope of the allegations at issue, and engage in any necessary discovery at that time. Without a stay of discovery, the parties will move into the trial preparation phase without the requisite pleadings on file.

The second factor weighs toward granting the Motion to Extend.

3) <u>The reason for the delay</u>

Whereas the Pleadings had not closed and Plaintiff had not engaged in any discovery, the Moving Defendants, through its counsel, unintentionally did not monitor the discovery timeline. Specifically, Moving Defendants were awaiting the result of the Motion to Dismiss before answering and engaging in discovery, but the Discovery Deadline approached too rapidly while the Motion to Dismiss remained pending. However, upon realizing the forthcoming discovery deadline was approaching, Moving Defendants immediately filed the Motion to Request an Extension. The delay was not intentional, nor was it intended to prejudice the parties in any manner. Rather, it was an excusable oversight due to the stagnant status of this case while the Motion to Dismiss has been pending.

Moving Defendants submit that the third factor weighs toward granting the Motion to Extend.

4) <u>Whether the movant acted in good faith</u>

Moving Defendants have acted in good faith by requesting an extension of the discovery timeline. Moving Defendants have requested the extension to give the litigation clarity. Specifically, an extension will allow the Court an opportunity to rule on the Motion to Dismiss. Thereafter, if any claims remain, Moving Defendants can file an Answer and raise affirmative defenses. At that time, an extended discovery timeline will allow the parties the opportunity to obtain the necessary information and evidence for trial. However, as the litigation currently stands, the matter is being pushed toward a settlement conference and trial, though the case is not in a proper disposition to be at that stage. This good faith request will be to the benefit of all parties and to the Court.

The fourth factor weighs toward granting the Motion to Extend.

/ / /

/ / /

/ / /

/ / /

B. **<u>Plaintiff's Argument Under FRCP 25 is Mistaken and Irrelevant to the Motion Before this Court.</u>**

In his Opposition to Motion Extend Discovery Deadlines, Plaintiff raises an argument regarding the transfer of an interest and disclosure under FRCP 25.  First, this argument appears to be mistaken in the context of the pending Motion to Extend Discovery Deadlines.  Second, to wit, there has not been any transfer of an interest during the pendency of this matter.  Defendant IBM Lender Business Process Services has changed its name to Seterus, Inc., but the interest of the party has not changed.

Simply put, Seterus, Inc. is IBM Lender Business Process Services.  Had Plaintiff named Seterus, Inc. as a Defendant rather than IBM Lender Business Process Services, the same parties would be before the Court.  Defendants' counsel has chosen to name the party as "Seterus, Inc. f/k/a IBM Lender Business Process Services" in order to ensure clarity of the party appearing before this Court.

### IV.
### CONCLUSION

Plaintiff has not provided this Court with a compelling reason to deny the Motion to Extend Discovery Deadlines.  As a result, Moving Defendants maintain that the Motion should be granted and that the discovery timeline be stayed until the Court adjudicates the pending dispositive motion.

DATED this 6th day of October, 2011.

BROOKS BAUER LLP

<u>/s/Michael R. Brooks, Esq.</u>
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Jeffrey J. Todd, Esq.
Nevada Bar No. 10780
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*
*Seterus, Inc.. f/k/a/IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

On this day, I served a copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINES PURSUANT TO LOCAL RULE 26-4** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 6th day of October, 2011 at Las Vegas, NV.

                                         */s/ Brandon Costantino*
                                        An Employee of BROOKS BAUER LLP