# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT, | Case No.: 11-cv-00149-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| PULTE MORTGAGE LLC; CHASE BANK; CHASE HOME FINANCE LLC; IBM LENDER BUSINESS PROCESS SERVICES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, | |
| Defendants. | |

Before the Court is Defendants IBM Lender Business Process Services ("IBM LBPS") and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss (ECF No. 17) and Motion to Expunge Lis Pendens (ECF No. 19). Plaintiff Ellery J. Pettit filed Responses to the Motion to Dismiss and the Motion to Expunge Lis Pendens (ECF Nos. 22 & 23). Defendants filed Replies (ECF No. 25 & 26).

## FACTS AND BACKGROUND

In March 2007 Plaintiff financed the purchase of real property through a promissory note in the amount of $246,639.00. To secure repayment, Plaintiff executed a Deed of Trust ("DOT") on the real property located at 6868 Sky Pointe Dr., Unit 2136, Las Vegas, Nevada, 89131. (DOT, Defendants Ex. A, ECF No. 17–1.)[1] Pulte Mortgage LLC is listed as the Lender, Lawyers Title of Nevada is listed as the Trustee and MERS is named the nominee and beneficiary.

---

[1] The Court takes judicial notice of the public records adduced by Defendants (ECF No. 17, Exs. A-C). *See Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

A Notice of Default ("NOD") was recorded on January 5, 2011 and Federal National Mortgage Association ("Fannie Mae") is listed as the beneficiary on the Notice of Default. (NOD, Defendants Ex. B, ECF No. 17-2.) Defendants claim that the Nevada Foreclosure Mediation Program has not yet issued a certificate allowing the foreclosure to proceed. Neither party claims that there is a proposed date of sale.

Plaintiff alleges four causes of action in his complaint: (1) Declaratory Relief; (2) Quiet Title; (3) Accounting; and (4) Refund, Fees and Costs.

## DISCUSSION

### A.   Motion to Dismiss Complaint

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266

F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by

virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.    Motion to Dismiss**

  **1.    Declaratory Judgment**

Plaintiff's "First Cause of Action" for Declaratory Judgment is not a substantive cause of action at all, but, rather, is a remedy. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989) ("But this [Declaratory Judgment] Act only creates a remedy and is not an independent basis for jurisdiction."). Under this heading, Plaintiff asks the Court to declare "that Defendants have no interest in the Plaintiffs indebtedness nor any rights under the Subject Deed of Trust and has no lawful authority to foreclose on the Property." (Compl. 10:9–12, ECF No. 1.)

To the extent that this is a request for the Court to declare that the foreclosure proceedings are wrongful—that is, to the extent that this can be liberally construed as a wrongful foreclosure cause of action—this cause of action must fail, as Plaintiff has failed to allege that he was not in default on his loan obligations. In Nevada, a wrongful foreclosure claim is properly pled only if the plaintiff alleges that she was not in default. *Huggins v. Quality Loan Servicing, LP*, No. 2:10–cv–01232–LDG–PAL, 2011 WL 310490, at *5 (D.Nev. Jan. 27, 2011) (compiling relevant cases). Plaintiff has not done so here. Plaintiff admits that he has "never denied that the loan is in default." (Response, 4:21–23, ECF No. 22.) This cause of action must therefore be dismissed for failure to state a claim.

Furthermore, the allegations Plaintiff makes in support of his claim that none of the Defendants are holders of the promissory note are too bare and conclusory to support a claim for wrongful foreclosure. Plaintiff's reference to an amorphous "Debt Pool" into which Defendants Pulte or Chase Home Finance "sold or assigned" the promissory note at an unspecified time, resulting in Defendants being "fully paid all amounts owed to it under the Note evidencing that debt," (Compl. 6:15–18, ECF No. 1), is too speculative and conclusory to properly support a plausible claim for wrongful foreclosure.

Moreover, such bare, vague allegations are insufficient to justify varying from the general rule in Nevada that foreclosing parties are not required to prove that they own the note prior to initiating non-judicial foreclosure proceedings. *See Kwok v. Recontrust Company, N.A.*, No. 2:09–cv–02298–RLH–LRL, 2010 WL 4810704, at *4 (D.Nev. Nov. 19, 2010) ("[T]he case law within this district holds that the Nevada law governing non-judicial foreclosure, NRS § 107.080, does not require a lender to produce the original note or prove its status as a real party in interest, holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to non-judicial foreclosure proceedings.").

### 2. Quiet Title

Under his second cause of action, Plaintiff seeks an order declaring that he has rightful title to the subject property. Although not properly a cause of action, a suit for quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his or her title to the property. *Anderson v. Deutsche Bank National Trust Co.*, No. 2:10–cv–01443–JCM–PAL, 2010 WL 4386958, at * 5 (D.Nev. Oct. 29, 2010). "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev.1996). Additionally, courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." *Manderville v. Litton Loan Servicing*, No. 2:10–cv–

01696–JCM–GWF, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

This claim turns on the same insufficiently pled basis as Plaintiff's request for declaratory relief: namely, that Defendants sold the promissory note to an entity known as the "Debt Pool" and thereby lost any right to foreclose on Plaintiff's property. However, as explained above, these vague and fanciful facts are not sufficient to make Plaintiff's claim plausible, not just possible, *see Iqbal*, 129 S.Ct. at 1949. Thus, Plaintiff has failed to plead facts sufficient to demonstrate that good title lies with him, and this claim must be dismissed.

### 3. Accounting

In order to prevail on a claim for inspection and accounting, a plaintiff must establish the existence of "a relationship of special trust between the plaintiff and defendant." *Anderson*, 2010 WL 4386958, at *4. Absent special circumstances, no such relationship exists between a lender and borrower or between a lender and guarantor. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir.2007) (applying Nevada law). Here, Plaintiff has pleaded no such special relationship with regard to any of the Defendants. Instead, Plaintiff merely pleads that "Plaintiffs seek a full accounting for the transfers of their promissory note and the securitization of their promissory note." (Compl. 11:6–7, ECF No. 1.) This is not sufficient to state a claim for an accounting or to warrant an accounting remedy. Accordingly, this claim must be dismissed.

### 4. Refund, Fees, & Costs

Plaintiff's Fourth "Cause of Action" requests a refund, fees, and costs. However, these are not substantive causes of action, but are, in fact, remedies. Because Plaintiff has not pleaded a viable cause of action that would warrant these remedies, the remedies must also be dismissed.

To the extent that Plaintiff's statement under the "Relief, Fees And Costs" cause of

action that "Defendant Bank's pretense of authority to foreclose, or attempt to foreclose, under the Deed of Trust would be fraudulent" (Compl. 11:11–12, ECF No. 1), could be construed as a claim for fraud, it would fail, as it does not meet the particularity requirement set forth in Federal Rule of Civil Procedure 9(b).

## C.     Expungement of Lis Pendens

NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NRS § 14.010(2). Not all defendants have been dismissed; there is still a pending action. Accordingly, expungement of the lis pendens is inappropriate.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Ellery J. Pettit's Complaint is **DISMISSED with leave to amend** against Defendants IBM Lender Business Process Services and Mortgage Electronic Registration Systems.  Plaintiff may file an Amended Complaint correcting the deficiencies in the current Complaint **not later than November 23, 2011**.  This is a firm date and no extensions will be given.  Failure to file an Amended Complaint will result in the dismissal of the lawsuit with respect to the moving Defendants with prejudice.

**IT IS FURTHER ORDERED** that Defendants IBM Lender Business Process Services and Mortgage Electronic Registration Systems' Motion to Dismiss (ECF No. 17) is **GRANTED** to the extent that it conforms with the above.

**IT IS FURTHER ORDERED** that Defendants IBM Lender Business Process Services and Mortgage Electronic Registration Systems' Motion to Expunge Lis Pendens (ECF No. 19) recorded on the property is **DENIED**.

DATED this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge