Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT, | CASE NO. 2:11-cv-00149-GMN-PAL |
| Plaintiff, | **EMERGENCY MOTION FOR STAY OF LITIGATION AND DISCOVERY PROCEEDINGS, INCLUDING SETTLEMENT CONFERENCE, PENDING A DETERMINATION ON MOTION OF JPMORGAN CHASE BANK, N.A. FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| PULTE MORTGAGE LLC and CHASE BANK and CHASE HOME FINANCE LLC and IBM LENDER BUSINESS PROCESS SERVICES and MERS (Mortgage Electronic Registration System), | |
| Defendants. | **[REQUEST FOR EXPEDITED HANDLING PURSUANT TO LR 6-1]** |

Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC (also incorrectly named herein as Chase Bank) ("Chase"), by and through its counsel, respectfully requests that the Court stay all litigation and discovery proceedings in this matter, including the settlement conference currently scheduled for November 16, 2011, pending the Court's resolution of Chase's Motion for Judgment on the Pleadings (Docket No. 40) (the "Motion

for Judgment"), which was filed on November 2, 2011.

Pursuant to LR 6-1, Chase respectfully requests that this motion be processed in an expedited manner, as a settlement conference is currently set for November 16, 2011, and Chase will be prejudiced if it has to expend time and resources preparing for and attending the settlement conference when it is likely that the claims asserted against it will be dismissed once the Court issues its ruling on the Motion for Judgment.

Chase respectfully submits that granting this request is in the interests of judicial economy and will afford the Court with an opportunity to dispose of this unfounded lawsuit without the parties incurring unnecessary additional fees and costs. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (temporary stay of proceedings applicable to preserve judicial efficiency and fairness); *Stock v. Commissioner of the Internal Revenue Service*, 2000 WL 33138102 (D. Idaho) (temporary stay of proceedings during pendency of motion is proper where the interests of judicial economy are served).

A district court has broad discretion to stay proceedings as incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The authority to stay proceedings is particularly appropriate where it will serve the interests of judicial efficiency and fairness during the pendency of a court's decision on a motion to dismiss. *Stock*, 2000 WL 33138102, at *2. Specifically, the court in *Stock* held:

> The court finds that it is in the interest of judicial economy to temporarily stay the advance of discovery until such time as the Court hears oral argument on and decides the motions to dismiss which are pending.

*Id.*

Likewise, in *Mediterranean Enterprises, Inc.*, the Ninth Circuit stated:

> [A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

*Mediterranean Enterprises, Inc.*, 708 F.2d at 1465.

Here, Chase respectfully submits that its Motion for Judgment, which is currently pending before this Court, has substantial merit, and that no proceedings during the pendency of the Motion for Judgment are necessary or warranted. As explained more fully in the Motion for Judgment, Plaintiff's Complaint in no way states any viable claim for relief as against Chase, and it is legally unsustainable. Indeed, the Court recently entered an Order (Docket No. 39) granting the Motion to Dismiss of defendants Seterus, Inc., f/k/a IBM Lender Business Process Services and Mortgage Electronic Registration Systems, for reasons that would apply with equal force to Chase. Thus, it is anticipated that the Court will also grant Chase's pending Motion for Judgment, eliminating any need for a settlement conference at this time.

Finally, in its November 1, 2011 Order, the Court permitted Plaintiff to file an amended complaint by no later than November 23, 2011. To the extent Plaintiff elects to do so, it is anticipated that the parties would need an updated discovery plan and scheduling order to address any new discovery that may be required in light of any newly asserted claims. Thus, given this new procedural posture, any settlement conference (or pretrial order, currently due to be filed by December 2, 2011) would be premature at this point in time.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

In light of the foregoing, Chase respectfully submits that the Court should exercise its inherent authority to protect both the Court and the defendants herein from unnecessary time and expense with respect to Plaintiff's unsustainable claims, and grant the instant motion to stay, vacating the current settlement conference and pretrial order deadline until a decision is entered on Chase's Motion for Judgment.

DATED this ____ day of November, 2011.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4 day of November, 2011, a true copy of the foregoing **Emergency Motion for Stay of Litigation and Discovery, Including Settlement Conference, Pending a Determination on Motion of JPMorgan Chase Bank, N.A. for Judgment on the Pleadings** was filed electronically via the court's CM/ECF system and served either by mail, postage prepaid, or electronically as noted, to the following:

Ellery J. Pettit
6868 Skypointe Drive, #2136
Las Vegas, NV 89131
Plaintiff in Pro Per
*(Served Via U.S. Mail)*

Michael R. Brooks, Esq.
Jeffrey J. Todd, Esq.
Brooks Bauer LLP
300 S. Fourth St., Ste. 815
Las Vegas, NV 89101
Attorneys for Defendants
Seterus, Inc., f/k/a IBM Lender Business Process Services
and Mortgage Electronic Registration Systems, Inc.
*(Served Via CM/ECF)*

_____
an employee of Smith Larsen & Wixom