UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ELLERY J. PETTIT,<br><br>    Plaintiff,<br><br>vs.<br><br>PULTE MORTGAGE, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:11-cv-00149-GMN-PAL<br><br>**ORDER**<br><br>(Mot Ext Disc Deadlines - Dkt. #32)<br>(Emg. Mot for Stay, etc. - Dkt. #41) |

Before the court is Defendants Seterus, Inc.'s f/k/a IBM Lender Business Process Services ("Seterus") and Mortgage Electronic Registration System's ("MERS") Motion to Extend Discovery Deadlines Pursuant to Local Rule 26-4 (Dkt. #32). The court has considered the Motion, Plaintiff's Opposition (Dkt. #33), Defendant JP Morgan Chase Bank's Joinder (Dkt. #34), Defendants Reply (Dkt. #35), Plaintiff's Response to Defendant Chase's Joinder (Dkt. #36), and Defendant JP Morgan Chase Bank's Joinder to Reply to Plaintiff's Opposition (Dkt. #37). Also before the court is Defendant JP Morgan Chase Bank's Emergency Motion for Stay (Dkt. #41) which requests expedited handling pursuant to LR 6-1.

**BACKGROUND**

The moving Defendants seek an extension of the Discovery Plan and Scheduling Order deadlines because a Rule 12(b)(6) Motion to Dismiss is under submission to the district judge and not yet decided. As a result, the parties have not engaged in any discovery to date. Defendants have not yet filed a responsive pleading to Plaintiff's complaint, and will not do so unless the district judge denies their motion to dismiss. Without a responsive pleading on file, Defendants argue this case is not ripe for discovery, a settlement conference, or trial. If the pending dispositive motion is granted, it will dismiss all claims and no discovery will be required. The Defendants request that discovery be stayed

1  pending a decision on the motion to dismiss, and that the court allow 120 days from the decision of the
2  pending motion to dismiss to commence and complete discovery.  Defendants also ask that the
3  settlement conference currently scheduled for November 16, 2011, be vacated.
4        Plaintiff opposes the motion, indicating he was contacted the week before it was filed by
5  counsel for Defendants who asked if he had any objection.  Plaintiff responded that he would so some
6  research and get back to counsel for Defendants.  He has now reviewed LR 26-4 and believes the
7  motion was not timely filed because it was not filed twenty-one days before the expiration of the
8  deadline.  As a result, LR 6-1(b) requires the party filing an untimely motion to make a showing of
9  excusable neglect, which Defendants have failed to do.  Additionally, Plaintiff claims Seterus should
10 not be recognized because it failed to provide the disclosure required by Rule 7-1, and LR 7-1-1(a)
11 which requires a certificate of interested parties.  Plaintiff also does not believe that Seterus has
12 complied with Rule 25(c) because listing itself as Seterus, Inc. f/k/a IBM Lender Business Process
13 Services suggests an interest has been transferred, and the transferee has not sought to be substituted in
14 the action or joined with the original party.
15       The moving Defendants filed a Reply (Dkt. #35), arguing the Plaintiff's opposition is "curious"
16 because Plaintiff has not conducted any discovery in this case, and granting the motion would provide
17 him with an opportunity to gather evidence necessary for his case at trial.  The moving Defendants
18 conceded in the motion to extend discovery that the motion was filed fourteen days from the proposed
19 close of discovery, but they argue it was warranted because, at the time the motion was filed, the
20 pleadings had not closed because Seterus and MERS had not filed an Answer or raised affirmative
21 defenses due to their pending motion to dismiss pursuant to Rule 12(b)(6).  Under these circumstances,
22 the moving Defendants assert they have established excusable neglect warranting the relief requested,
23 as that standard was articulated by the Ninth Circuit in *Bateman v. U.S. Postal Service,* 231 F.3d 1220,
24 1223-24 (9th Cir. 2000).
25       The Emergency Motion (Dkt. #41) again asks that the court stay all litigation and discovery
26 proceedings in this case and vacate the settlement conference currently scheduled for November 16,
27 2011, until the district judge decides Chase's Motion for Judgment on the Pleadings (Dkt. #40) filed
28 November 2, 2011.  Chase argues that Plaintiff's complaint has not stated a viable claim for relief

against it and is legally unsustainable.  The district judge recently entered an Order (Dkt. #39) granting the Defendants Seterus' and MERS' Motion to Dismiss for reasons which apply with equal force to Chase.  Thus, Chase anticipates the court will also grant Chase's pending motion for judgment, eliminating any need for a settlement conference at this time.  Finally, in her order granting the motion to dismiss Defendants Seterus and MERS, the district judge gave Plaintiff until November 23, 2011, to file an Amended Complaint.  If Plaintiff elects to do so, Chase anticipates the parties will need an updated discovery plan and scheduling order to address any new discovery that may be required in light of any new or amended claims.  Given the procedural posture of this case, Chase argues the settlement conference and any other proceedings in this action are premature.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Two published decisions in this district have held that ordinarily, a dispositive motion does not warrant a stay of discovery.  *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989);  *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both of these decisions held that to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Id*.  Citing the Ninth Circuit's decision in *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added).  Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.  *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion.  *See Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.R.D. 378. 383 (9th Cir. 1993)

(stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and that such an opportunity requires "enough discovery to obtain the material").

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b)(6) motion, and a pending Rule 12(b)(6) motion to dismiss is sufficient cause for granting a protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).

Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Id.*

It is well established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Turner*, 175 F.R.D. at 556 (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). A showing that discovery may involve some

inconvenience and expense does not suffice to establish good cause for issuance of a protective order. *Id.; Twin City*, 124 F.R.D. at 653.  Rather, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient.  *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990).

To summarize, the Ninth Circuit has held that a district court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court "is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d at 801.  The Ninth Circuit has also held that under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending.  Finally, the Ninth Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery.  The court's research has not found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending.

Federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed.  *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases).  First, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought.  Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.  In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.  If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed.  *Id*.

Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion.  *See*, *e.g., GTE Wireless, Inc. v. Qualcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if, on its face, there appears to be an *immediate and clear possibility* that it will be granted." *Id*. (*citing Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original).

In still a third approach, a judge in the Central District of California has held the court should evaluate a request for a stay applying several factors on a case-by-case basis. *See Skellercup*, 163 F.R.D. at 601. In *Skellercup,* the court adopted the approach taken in an Eastern District of New York decision in *Hachette Distributing v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991). These decisions recognize that discovery should be stayed while a Rule 12(b)(6) motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette*, 136 F.R.D. at 356. In determining whether a stay of discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Id.* These decisions suggest that the court should consider the following, non-exhaustive list of factors: the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. *Id*.

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City* and *Turner* should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. A stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. However, as the court in *Mlenjnecky* recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting

discovery with the goal of accomplishing the objectives of Rule 1.  With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C. 1937 (2009), has made speedy determinations of cases increasingly more difficult.  Prohibiting or delaying all discovery will often cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims.  The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery.  On the other hand, the United States Supreme Court and the Advisory Committee Notes to the 1983 and 2000 Amendments to Rule 26 recognize that discovery is expensive and that although broad discovery is still the rule, trial courts should conduct a proportionality review of requested discovery when challenged, or on the court's own motion.

In 1983, Rule 26 was amended to add subsection (g), which provides that a lawyer filing a discovery request, response or objection certifies by signing the document that it is "not interposed  for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 26 (g)(1)(B)(ii).  A lawyer signing a discovery document also certifies that it is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed.R.Civ.P. 26(g)(1(B)(iii).  The Advisory Committee Notes for the 1983 amendments to Rule 26 emphasize that the elements of Rule 26(b)(1)(iii) were intended to address the problems of disproportionate discovery given the nature of the case, the limitations on a financially weak litigant to bear the burden of extensive discovery, and the need to prevent discovery from becoming a "war of attrition or as a device to coerce a party, whether financially weak or affluent." 97 F.R.D. 165, 218 (1983).  As one well-respected treatise observed, "Rule 26(b) was amended in 1983 to promote judicial limitation of the amount of discovery on a case-by-case basis to avoid abuse or overuse of discovery through the concept of proportionality." 8 The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Fed. Prac. & Proc. Civ.*, § 2008.1 (3d ed. 2011).

In 1998, the Supreme Court wrote that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). The Supreme Court recognized that under Rule 26(b)(2), the trial court may, on its own motion, limit the frequency or extent of use of discovery methods if it determines the burden or expense of proposed discovery outweighs its likely benefits. *Id*. Rule 26(c) gives the trial court authority on motion, or on its own initiative, to limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. Similarly, under Rule 26(d), the court may set the timing and sequence of discovery. *Id*. The *Crawford-El* decision emphasized that the trial court has broad discretion under Rule 26 in managing discovery "to facilitate prompt and efficient resolution of the lawsuit." *Id.*

In 2000, Rule 26 was again amended to call attention to the limitations of Rule 26(b)(2)(i), (ii) and (iii). The Advisory Committee Notes indicate that the Advisory Committee was repeatedly told "that courts have not implemented these limitation with the vigor that was contemplated." 192 F.R.D. at 390. Thus, Rule 26 was amended to add an "otherwise redundant cross-reference . . . to emphasize the need for active judicial use of subdivision (B)(2) to control excessive discovery." *Id. (citing Crawford-El,* 523 U.S. at 598).

Taking all of these principles into account, this court will adopt a totality of the circumstances, fact-specific approach and evaluate on a case-by-case basis whether prohibiting, delaying, or limiting discovery is appropriate to secure the just speedy and inexpensive determination of the case while a dispositive motion is pending.

In this case, the district judge has now granted a Rule 12(b)(6) motion filed by two of the Defendants finding that the Plaintiff did not state a claim for relief. However, she did not find that the Plaintiff *could* not state a claim and granted Plaintiff leave to amend. The Defendants moving for this stay have a pending motion for judgment on the pleadings which raises the same issues concerning the viability of the Plaintiff's claims the district judge addressed in her order granting Defendants Seterus and MERS' motion to dismiss. The Plaintiff, who opposes the motion to stay, has not asked for any discovery and does not claim that discovery is needed to respond to the pending dispositive motion.

Thus, there are no factual issues in need of further immediate exploration, and the issues before the district judge are purely questions of law that are potentially dispositive of the entire case. The time has not yet run for the Plaintiff to file an Amended Complaint. This case is not particularly complex, and it is unclear what discovery, if any, either side wishes to conduct. Under these circumstances, the court concludes that a temporary stay of discovery will promote the just, speedy and inexpensive determination of this action.

The court also finds that conducting a settlement conference at this stage of the litigation is premature. The court set the matter for a settlement conference because the district judge entered a routine order referring the matter to the undersigned to conduct one after the close of discovery. As the parties have conducted no discovery, the pleadings have not yet closed, and all of the Defendants have asserted Plaintiff has not stated a viable legal claim, the court agrees a settlement conference is premature and would not be productive.

For all of the foregoing reasons,

**IT IS ORDERED** that:

1. Defendants' Motion to Extend Discovery Deadlines (Dkt. #32) is **GRANTED** to the extent the court will temporarily stay discovery while the district judge decides the pending dispositive motion.
2. Defendants' Emergency Motion for Stay of Litigation and Discovery (Dkt. #41) is **GRANTED** to the extent the court will grant a temporary stay of discovery while the district judge decides the pending dispositive motion.
3. The Settlement Conference currently scheduled for November 16, 2011, is **VACATED**.
4. If the district judge determines that Plaintiff has stated a claim on which relief may be granted, and allows the Plaintiff to proceed, the parties shall meet and confer to conduct a Rule 26(f) conference within fourteen days of decision of the dispositive motion and submit a proposed discovery plan and scheduling order which complies with the provisions of LR 26-1(e).

///
///

5. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 14th day of November, 2011.

_____
Peggy A. Leen
United States Magistrate Judge