Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT, | CASE NO. 2:11-cv-00149-GMN-PAL |
| Plaintiff, | |
| v. | |
| PULTE MORTGAGE LLC and CHASE BANK and CHASE HOME FINANCE LLC and IBM LENDER BUSINESS PROCESS SERVICES and MERS (Mortgage Electronic Registration System), | **JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC (also incorrectly named herein as Chase Bank) ("Chase"), by and through its undersigned counsel, hereby submits this reply ("Reply") in support of its Motion for Judgment on the Pleadings ("Motion for Judgment"). The Reply is supported by the within Memorandum of

Points and Authorities, the record herein, and any arguments that may be presented at a hearing hereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF HAS CONSENTED TO DISMISSAL OF CHASE

On November 21, 2011, Plaintiff filed his Amended Complaint, which does not name Chase as a defendant and does not allege any wrongful conduct by Chase. (*See* Docket No. 44.) Indeed, the Amended Complaint does not mention Chase at all. (*See id.*) It is clear that Plaintiff's intent is to dismiss Chase from this action. That being the case, the Motion for Judgment should be granted, and the Complaint should be dismissed with prejudice as against Chase.

### II. PLAINTIFF HAS PROVIDED NO MEANINGFUL RESPONSE TO THE ARGUMENTS IN THE MOTION FOR JUDGMENT

The Complaint herein should be dismissed as against Chase because Plaintiff has consented to its dismissal by filing an Amended Complaint that does not name Chase as a defendant. To the extent the Court disagrees, and considers the earlier Complaint to be operative as against Chase, the Motion for Judgment should still be granted for the reasons set forth therein. The Motion for Judgment systematically dispelled each of Plaintiff's claims for relief, and the Response fails to meaningfully rebut any of the arguments in the Motion for Judgment. Accordingly, and pursuant to LR 7-2(d), the Motion for Judgment should be granted and Plaintiff's Complaint should be dismissed with prejudice as against Chase.

#### A. Plaintiff's Complaint Should Be Dismissed Pursuant To LR 7-2 Because Plaintiff Has Failed To Present Points And Authorities To Refute the Arguments Raised In The Motion for Judgment

Pursuant to LR 7-2(d), failure to provide points and authorities in response to a motion "shall constitute a consent to the granting of the motion." LR 7-2(d). Plaintiff's Response fails

2

to present any points and authorities that respond to any of the arguments in the Motion for Judgment, which dispel each of Plaintiff's claims for relief.

The Complaint asserts claims for declaratory relief, quiet title, accounting, and refund of fees and costs. Each of these purported claims appears to be based upon Plaintiff's contention that the defendants herein do not have authority to foreclose on the subject property. The Motion for Judgment dispels each of these claims, and their underlying basis, and Plaintiff has failed to present any argument sufficient to revive the claims.

The Motion for Judgment sets forth at least three reasons why the declaratory relief claim is unsustainable: (1) declaratory relief is an equitable remedy, not an independent claim for relief; (2) it is based on the unfounded accord and satisfaction argument (also refuted in the Motion for Judgment); (3) Plaintiff is precluded from seeking equitable relief because, by defaulting on the subject loan, he has failed to "do equity"; and (3) the declaratory relief claim is duplicative of Plaintiff's other claims for relief and adds nothing to what would be implicit or express in a final judgment on Plaintiff's other claims. (*See* Motion for Judgment, pp. 8-9.) Plaintiff's Response fails to respond to any of these arguments. Accordingly, the declaratory relief claim must be dismissed. *See* LR 7-2(d).

With respect to Plaintiff's quiet title claim, the Motion for Judgment sets forth at least four reasons why it must be dismissed: (1) it is based on Plaintiff's unfounded accord and satisfaction argument; (2) Plaintiff cannot establish that his interest in the subject property is anything more than a conditional and encumbered interest – *i.e.*, subject to repayment of the subject loan; (3) Plaintiff has not alleged, and cannot demonstrate, that he has paid off the subject loan in full; and (4) as with the declaratory relief claim, he is precluded from seeking equitable relief because he has failed to "do equity." (*See* Motion for Judgment, pp. 9-10.) Again, as with

3

the declaratory relief claim, Plaintiff's Response fails to respond to any of the arguments dispelling the quiet title claim. Accordingly, Plaintiff's quiet title claim must be dismissed. *See* LR 7-2(d).

The Motion for Judgment also presents two reasons why Plaintiff's accounting claim fails: (1) Plaintiff has not presented any sustainable claim upon which a claim for accounting could be based; and (2) there is no fiduciary or trust relationship between the parties. Here again, Plaintiff's Response fails to respond to these arguments, and the accounting claim must be dismissed. *See* LR 7-2(d).

Finally, as set forth in the Motion for Judgment, Plaintiff's claim for "refund, fees and costs" is unsustainable for two main reasons. First, it should be dismissed because "refund, fees and costs" is not a cognizable cause of action in Nevada. Second, it should be dismissed because it is based on Plaintiff's accord and satisfaction arguments regarding defendants' authority to enforce the subject loan, which are dispelled *supra*. In short, Plaintiff's "claim" for refund, fees and costs is not a viable cause of action, and must be dismissed.

In sum, Plaintiff's Response fails to respond to any of the arguments in the Motion for Judgment, which arguments uniformly dispel each of his claims and contentions. Accordingly, pursuant to LR 7-2(d), the Motion for Judgment should be granted in its entirety.

### B. The Motion For Judgment Is Not Moot

As noted above, the Complaint should be dismissed as against Chase because Plaintiff has consented to dismissal of Chase, and because Plaintiff's Response fails to meaningfully respond to any of the arguments in the Motion for Judgment. It is significant to note, however, that the sole argument contained in Plaintiff's Response – that the Motion for Judgment is moot – does nothing to revive Plaintiff's unsustainable claims for relief.

Specifically, Plaintiff asserts that the Motion for Judgment is moot[1] based on this Court's November 1, 2011 Order (Docket No. 39). It appears Plaintiff has misconstrued that Order, which dismissed Plaintiff's Complaint as against defendants Seterus, Inc., f/k/a IBM Lender Business Process Services, and Mortgage Electronic Registration Systems, Inc. only. Because the Order did not dismiss the Complaint as against Chase, Chase's Motion for Judgment is not moot, and it should be granted.

### III. CONCLUSION

It is clear that Plaintiff has consented to dismissal of Chase. Moreover, as set forth herein, and in the Motion for Judgment, none of Plaintiff's claims has any merit as against Chase. Accordingly, Plaintiff's Complaint should be dismissed with prejudice as against Chase.

DATED this 23rd day of November, 2011.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

---

[1] Plaintiff also believes that Chase's Emergency Motion for Stay of Litigation (Docket No. 41) is moot; however, that motion was recently granted by Magistrate Judge Leen. (*See* Order, Docket No. 42.)

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23 day of November, 2011, a true copy of the foregoing **JPMorgan Chase Bank, N.A.'s Reply in Support of Its Motion for Judgment on the Pleadings** was filed electronically via the court's CM/ECF system and served either by mail, postage prepaid, or electronically as noted, to the following:

Ellery J. Pettit
6868 Skypointe Drive, #2136
Las Vegas, NV 89131
Plaintiff in Pro Per
*(Served Via U.S. Mail)*

Michael R. Brooks, Esq.
Jeffrey J. Todd, Esq.
Brooks Bauer LLP
300 S. Fourth St., Ste. 815
Las Vegas, NV 89101
Attorneys for Defendants
Seterus, Inc., f/k/a IBM Lender Business Process Services
and Mortgage Electronic Registration Systems, Inc.
*(Served Via CM/ECF)*

_____
an employee of Smith Larsen & Wixom