Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
BROOKS BAUER LLP
300 S. 4th Street, Suite 815
Las Vegas, NV 89101
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>Plaintiff,<br><br>vs.<br><br>PULTE MORTGAGE LLC AND CHASE BANK AND CHASE HOME FINANCE LLC AND IBM LENDER BUSINESS PROCESS SERVICES AND MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM),<br><br>Defendants. | Case No.:       2:11-cv-00149-GMN-PAL<br><br><br>**MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MOTION TO EXPUNGE LIS PENDENS** |

COME NOW, Defendants IBM LENDER BUSINESS PROCESS SERVICES ("IBM LBPS") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), by and through their counsel of record, MICHAEL R. BROOKS, ESQ. of the law firm BROOKS BAUER LLP, and hereby move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff's Amended Complaint with prejudice and for an order

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

expunging the lis pendens that is on title.  This pleading is based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may wish to hear.

DATED this 5th day of December, 2011.

BROOKS BAUER LLP

By: _____/s/ Zachary T. Ball, Esq._____
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
300 S. 4th Street, Suite 815
Las Vegas, NV 89101
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*IBM Lender Business Process Services and*
*Mortgage Electronic Registration System*

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

**A.**  **MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Having failed to state a claim upon which relief could be granted, Plaintiff's original Complaint was dismissed by Court Order on November 1, 2011.  Given leave to amend, Plaintiff filed an Amended Complaint on November 21, 2011.  However, the Amended Complaint *failed to correct any of the deficiencies* of the original Complaint.  Applying the law of the case doctrine, this Court's Order governs the disposition of Plaintiff's Amended Complaint.  As with the original Complaint, Plaintiff's Amended Complaint fails to state a claim and, pursuant to FRCP 12(b)(6), must be dismissed.

**II.**

**FACTUAL HISTORY**

In or about March 2007, Plaintiff ELLERY J. PETTIT financed the purchase of real property through a promissory note (the "Note") in the amount of $246,639.00.  To secure repayment, Plaintiff executed a Deed of Trust ("Deed of Trust" attached hereto as Exhibit A) on the real property located at 6868 Sky Pointe Dr., Unit 2136, Las Vegas, Nevada, 89131, A.P.N. 125-21-213-275 (the "Property").

MERS was named as the nominee beneficiary under the Deed of Trust (attached hereto as Exhibit A).  On January 26, 2011, the beneficial interest was assigned to Federal National Mortgage Association ("Fannie Mae").  The loan service transferred to Defendant IBM LBPS from Defendant Chase Home Financial in August 2010.

Plaintiff defaulted on the Loan, resulting in the recording of a Notice of Default on January 5, 2011 (attached hereto as Exhibit B).  To date, the Nevada Foreclosure Mediation Program has not yet issued a certificate allowing the foreclosure to proceed.

/ / /

/ / /

**III.**

**PROCEDURAL HISTORY**

On January 28, 2011 -- nearly four years after the origination of the subject loan -- Plaintiff initiated this action by filing a Complaint in the United States District Court, setting forth four causes of action against the named defendants: 1) Declaratory Relief; 2) Quiet Title; 3) Accounting; and 4) Refund, Fees and Costs.  Plaintiff also recorded a lis pendens with the Clark County Recorder's office (attached hereto as Exhibit C).

IBM LBPS and MERS ("Defendants") filed a Motion to Dismiss and Motion to Expunge Lis Pendens on May 16, 2011.  In an order dated November 1, 2011, this Court dismissed Plaintiff's Complaint, providing Plaintiff leave to amend.  On November 21, 2011, Plaintiff filed a pleading titled "Amended Complaint for Declaratory Judgment".  As compared with the original Complaint, the Amended Complaint lacked any enumerated claims for relief.  Upon review, it appears that Plaintiff seeks the sole claim for relief for declaratory judgment.  *See* Amended Complaint, in general.

Defendants now file this Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(6) and Expunge Lis Pendens, based upon the law of the case doctrine and the Amended Complaint's failure to state a claim upon which relief can be granted.

**IV.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) states, in pertinent part,

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:…(6) failure to state a claim upon which relief can be granted….

FRCP 12(b)(6).  Pursuant to Federal Rule of Procedure 8(a), "[a] pleading that states a claim for relief must contain:…(2) a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).

The Supreme Court of the United States recently clarified the pleading standard imposed by FRCP 8(a)(2) and stated,

BROOKS BAUER, LLP

300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted). *See also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (noting that *Twombly* "expounded the pleading standard for all civil actions.") The *Twombly* court also noted that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.

When deciding a motion to dismiss pursuant to FRCP 12(b)(6), the court must presume the truth of allegations of material fact and construe such allegations in the light most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Id.*

Further, a dismissal based upon Rule 12(b)(6) "may be based on either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). Finally, the court is permitted to "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-8 (9th Cir. 2003).

## V.

## ANALYSIS

Although unclear, the sole request of Plaintiff's Amended Complaint appears to be for declaratory judgment, requesting that this Court:

"…declare all parties' rights and other legal relations:

(A)     Under the Note and Deed of Trust material to this case…;

(B)     Under any and all other instruments, agreements or contract upon which any Defendant or Defendants may base any claim to, or enforce anything against, my property;

(C)     Under Nevada law governing negotiable instruments, and all other applicable law; and

(D)     Declare who are the real parties in interest and who are the strangers to the Note and Deed of Trust."

*See* Amended Complaint, p. 2.

While the above is not wholly clear as to the precise relief sought in the declaratory relief action, Plaintiff's Prayer for Relief offers further indication of this litigation's goals:

"I pray this court:

(A)     declare my and all Defendants' rights and other legal relations according to the above;

(B)     order the appropriate injunction to prevent any of the Defendants from moving in any way against my property;

(C)     order and adjudge all other relief as this court finds lawful, just and equitable, including but not limited to quieting the title to the subject real property."

*See* Amended Complaint, p. 3.

When reading the Amended Complaint's Request for Relief in conjunction with the Amended Complaint's Prayer, it appears that Plaintiff seeks to quiet title to the Property in Plaintiff's name and prevent any foreclosure sale by Defendants.  Defendants submit that this Court has already dealt with this request in its November 1, 2011 Order (as related to the Original Complaint) and this matter is subject to the law of the case doctrine.  Under the law of the case doctrine, the Court's Order governs the disposition of the declaratory relief claim in the Amended Complaint.  *Pepper v. U.S.*, 131 S.Ct. 1229, 1250 (2011).  The Plaintiff's Declaratory Relief claim does not address the deficiencies set forth in the Order for the following reasons.

The Order stated that the original Complaint's first claim for relief of Declaratory Judgment was not a substantive cause of action at all, but, rather, is a remedy.  *See* November 1, 2011 Order, p. 4, ll. 10-16.  Plaintiff's Amended Complaint also bears a claim for relief of Declaratory Judgment.  The Declaratory Judgment request in fact appears to be Plaintiff's precise aim, in its request to "…order the appropriate injunction to prevent any of the Defendants from moving in any way against my property".  *See* Amended Complaint, p. 3.

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

As such, this is in fact ***a wrongful foreclosure claim in disguise***.  This cause of action should be dismissed as the Amended Complaint fails to allege that Plaintiff was current on her monthly mortgage obligation, an identical deficiency in the original Complaint.  Order, p. 4, ll. 17-25; *see also Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-01232-LDG-PAL, 2011 WL 310490, at *5 (D. Nev. Jan. 27, 2011).  Moreover, Plaintiff has already filed a pleading with this Court all but admitting that his loan is in default (Response, 4:21-23, ECF No. 22, stating that Plaintiff "never denied that the loan is in default").  For this reason, Plaintiff's Amended Complaint should be dismissed.

Further, the factual allegations of the Amended Complaint "must be enough to raise a right to relief above the speculative level".  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544-57 (2007) (emphasis added).  Here, as in the original Complaint, the claims of Plaintiff are simply too bare and conclusory to support a claim for wrongful foreclosure (e.g., stating a request for a declaration by this Court proclaiming the legal relations under the subject note and deed of trust at page 2 of Amended Complaint).

Finally, as this Court has already pointed out, "…such bare, vague allegations are insufficient to justify varying from the general rule in Nevada that foreclosing parties are not required to prove that they own the note prior to initiating non-judicial foreclosure proceedings." *See* Order, p. 5, ll. 8-10.  The Amended Complaint, totaling 3 pages, contains none of the needed details to require Defendants to prove the ownership of the subject promissory note.  This cause of action and thus Plaintiff's Amended Complaint must be dismissed for failure to state a claim.

## VI.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

Defendants respectfully request the Court take judicial notice of the documents attached hereto as *Exhibits A* through *C*, respectively.

1.      Deed of Trust, recorded in the Office of the Clark County Recorder as instrument 20070320-0003065, attached hereto as *Exhibit A*;

2.      Notice of Default, recorded in the Office of the Clark County Recorder as instrument number 20110105-0003560, attached hereto as *Exhibit B*; and

3.      Lis Pendens, recorded in the Office of the Clark County Recorder as instrument number 20110128-0001538, attached hereto as *Exhibit C*.

The documents attached hereto are public documents on file in the Office of the Clark County Recorder.   As such, those documents are generally known within the territorial jurisdiction of this Court.   Further, the documents attached hereto are capable of accurate and ready determination by resort to a source of reasonably undisputed accuracy – the Office of the Clark County Recorder.   Therefore, the existence and contents of those documents are not subject to reasonable dispute and Defendants request the Court take judicial notice of the documents attached hereto as *Exhibits A* through *C*.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

**VII.**

**CONCLUSION**

WHEREFORE, Defendants IBM LENDER BUSINESS PROCESS SERVICES and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS hereby request that the Court, in accordance with the law of the case doctrine and FRCP 12(b)(6), dismiss Plaintiff's Amended Complaint against these moving Defendants on the grounds that the Amended Complaint fails to state a claim upon which relief may be granted.

DATED this 5th day of December, 2011.

BROOKS BAUER LLP

By:    /s/ Zachary T. Ball, Esq.
        Michael R. Brooks, Esq.
        Nevada Bar No. 7287
        Zachary T. Ball, Esq.
        Nevada Bar No. 8364
        300 S. 4th Street, Suite 815
        Las Vegas, NV 89101
        *Attorneys for Defendants*
        *IBM Lender Business Process Services and*
        *Mortgage Electronic Registration System*

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.**   **MOTION TO EXPUNGE LIS PENDENS**

Pursuant to NRS 14.015, a lis pendens must be expunged if, upon 15 days' notice, the party who recorded the lis pendens fails to establish to the satisfaction of the court all of the following elements:

(a)   The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;

(b)   The action was not brought in bad faith or for an improper motive;

(c)   He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and

(d)   He would be injured by any transfer of an interest in the property before the action is concluded.

NRS 14.015(2).

In addition to each of the four elements listed above, the party who recorded the lis pendens must also establish:

(a)   That he is likely to prevail in the action; or

(b)   That he has a fair chance of success on the merits in the action and the injury… would be sufficiently serious that the hardship on him in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief affecting the title or possession of the real property.

NRS § 14.015(3).

When a party fails to establish any of those elements, the lis pendens must be expunged. NRS 14.015(3) provides that "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation."

It is important to note that like California, the Nevada policy is to favor a restrictive application of the lis pendens statutes.  As stated in *BGJ Associates v. Superior Court*, 75 Cal. App. 4th 952, 969 (Cal. Ct. App. 1999):

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

Courts have long recognized that 'because the recording of a lis pendens place[s] a cloud upon title of real property until the pending action [is] ultimately resolved, the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits.   (citations omitted)   In *Hilberg v. Superior Court*, 215 Cal.App.3d 539, 542, the Court stated, 'We cannot ignore as judges what we know as lawyers-that the recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits.'"

In the present case, the Amended Complaint's single claim for Declaratory Relief fails. Plaintiff appears to be making a last-ditch effort to avoid foreclosure and his legal obligation to repay the Loan he obtained.  For the reasons set forth in the preceding Motion to Dismiss, Plaintiffs' claim must be dismissed.  As such, Plaintiff cannot demonstrate that he is likely to prevail on the merits in this action and the lis pendens must be expunged.

DATED this 5th day of December, 2011.

BROOKS BAUER LLP

By:   /s/ Zachary T. Ball, Esq.
      Michael R. Brooks, Esq.
      Nevada Bar No. 7287
      Zachary T. Ball, Esq.
      Nevada Bar No. 8364
      300 S. 4th Street, Suite 815
      Las Vegas, NV 89101
      *Attorneys for Defendants*
      *IBM Lender Business Process Services and*
      *Mortgage Electronic Registration System*

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1

**CERTIFICATE OF SERVICE**

2

3        I, the undersigned, hereby certify that I am employed in the County of Clark, State of

Nevada, am over the age of 18 years and not a party to this action.  My business address is that of

4

Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

5

6        On this day, I served a copy of the foregoing **MOTION TO DISMISS AMENDED**

**COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MOTION TO EXPUNGE LIS**

7

**PENDENS** on all parties in said action through the United States District Court, District of

8

Nevada's electronic filing service.  Additionally, I served the same upon the parties in said action

9

or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

10

11     Ellery J. Pettit                          Jay Earl Smith, Esq.
       6868 SkyPointe Drive #2136                 Joseph T. Prete, Esq.
12     Las Vegas, Nevada 89131                    Katie M. Weber, Esq.
       *Plaintiff*                                SMITH LARSEN & WIXOM
13                                                Hills Center Business Park
                                                  1935 Village Center Circle
14                                                Las Vegas, NV 89134
                                                  *Attorneys for JPMorgan Chase Bank, N.A.*

15     and placing the envelope in the mail bin at the firm's office.

16        I am readily familiar with the firm's practice of collection and processing of

17     correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on

18     the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas,

19     Nevada, in the ordinary course of business.  I certify under penalty of perjury that the foregoing

20     is true and correct and that this Certificate of Service was executed by me on the 5th day of

21     December, 2011 at Las Vegas, NV.

22

23              _____/s/ Dawn M. Waddoups_____
                An Employee of BROOKS BAUER LLP

24

25

26

27

28

BROOKS BAUER, LLP
300 S. FOURTH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198