Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT, | ) |
|  | ) CASE NO. 2:11-cv-00149-GMN-PAL |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PULTE MORTGAGE LLC and CHASE BANK | ) **JPMORGAN CHASE BANK, N.A.'S** |
| and CHASE HOME FINANCE LLC and IBM | ) **OPPOSITION TO PLAINTIFF'S** |
| LENDER BUSINESS PROCESS SERVICES | ) **MOTION TO EXTEND TIME FOR** |
| and MERS (Mortgage Electronic Registration | ) **OPPOSITION** |
| System), | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC (also incorrectly named herein as Chase Bank) ("Chase"), by and through its undersigned counsel, hereby submits this opposition ("Opposition") to Plaintiff's Motion to Extend Time for Opposition (Docket No. 46) ("Motion for Extension"). The Opposition is supported by the within Memorandum of Points and Authorities, the record herein, and any arguments that may be

presented at a hearing hereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE MOTION FOR EXTENSION SHOULD BE SUMMARILY DENIED

In his Motion for Extension, Plaintiff indicates that he intends to file an opposition or countermotion to Chase's Reply ("Reply") in Support of Its Motion for Judgment on the Pleadings. (Motion for Extension, p. 1.) His request must be summarily denied because any opposition or countermotion to the Reply would be, at best, a fugitive and redundant document that is not contemplated within the Federal Rules of Civil Procedure. *See, e.g.*, L.R. 7-2(b) and (c) (allowing a response and a reply brief only; no provision for any response to a reply). Indeed, in the event that Plaintiff does file his contemplated sur-reply, Chase would likely ask that it be stricken. *See* Fed. R. Civ. P. 12(f) ("[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter.").

Allowing Plaintiff to file a response to Chase's Reply would be highly prejudicial to Chase. Plaintiff has had his opportunity to respond to Chase's Motion for Judgment on the Pleadings ("Motion for Judgment"), and did so on November 17, 2011, by opining that the Motion for Judgment is moot. (*See* Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings ("Response"), Docket No. 43.) To the extent Plaintiff may have intended to supplement his response, he could have requested leave of the Court to do so prior to the filing of the Reply. Because he didn't, Chase has already responded to his Response, and would be prejudiced if it had no opportunity to respond to any additional briefing of Plaintiff.

Moreover, Plaintiff has apparently chosen not to pursue any claims as against Chase in any event, as he tentatively suggested in his Response (*see* Response, pp. 1-2), and confirmed by

2

filing an Amended Complaint that does not name Chase as a defendant. (*See* Amended Complaint, Docket No. 44.) Thus, it would be a waste of judicial resources to allow continued briefing related to a party that has, apparently, been dismissed from this action (pending this Court's confirmation).

In short, Plaintiff should not be permitted to file a fugitive response to Chase's Reply, as allowing any one-sided argument by Plaintiff to become a part of the record would be highly prejudicial to Chase. Moreover, Chase respectfully submits that Chase has been dismissed from this action by way of Plaintiff's failure to name it as a defendant in his current operative complaint, so no further briefing as to Chase is necessary or warranted.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension must be denied.

DATED this 15th day of December, 2011.

SMITH LARSEN & WIXOM

_____
Jay Earl Smith, Esq.
Nevada Bar No. 1182
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
JPMorgan Chase Bank, N.A.,
as successor by merger to
Chase Home Finance LLC

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15 day of December, 2011, a true copy of the foregoing **JPMorgan Chase Bank, N.A.'s Opposition to Plaintiff's Motion to Extend Time for Opposition** was filed electronically via the court's CM/ECF system and served either by mail, postage prepaid, or electronically as noted, to the following:

Ellery J. Pettit
6868 Skypointe Drive, #2136
Las Vegas, NV 89131
Plaintiff in Pro Per
*(Served Via U.S. Mail)*

Michael R. Brooks, Esq.
Zachary T. Ball, Esq.
Brooks Bauer LLP
300 S. Fourth St., Ste. 815
Las Vegas, NV 89101
Attorneys for Defendants
Seterus, Inc., f/k/a IBM Lender Business Process Services and Mortgage Electronic Registration Systems, Inc.
*(Served Via CM/ECF)*

_____
an employee of Smith Larsen & Wixom