Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc. fka IBM LBPS*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; SETERUS, INC.,<br><br>Defendants. | Case No.:   2:11-cv-00149-GMN-PAL<br><br>**OPPOSITION TO MOTION TO MAKE A MORE DEFINITE STATEMENT** |

COMES NOW, Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") and SETERUS, INC. ("SETERUS"), by and through their counsel of record, MICHAEL R. BROOKS, ESQ. and ZACHARY T. BALL, ESQ. of the law firm BROOKS BAUER LLP, and hereby oppose Plaintiff, ELLERY J. PETTIT's Motion to Make A More Definite Statement ("Motion"), filed in response to MERS's Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(6) and Motion to Expunge Lis Pendens ("Motion to Dismiss").  This pleading is based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may wish to hear.

/ / /

/ / /

/ / /

A.  **ARGUMENT**

By way of brief background, Defendant SETERUS, INC. ("SETERUS") is formally known as IBM Lender Business Process Services ("IBM LBPS"). This was originally indicated in SETERUS and MERS' Reply to Plaintiff's Opposition to Motion to Extend Discovery Deadlines [EFC Doc. No. 35]. In other words, these names (SETERUS and IBM LBPS) are the same, single party and are hereinafter referred to as SETERUS.

Plaintiff's original Complaint was dismissed by Court Order on November 1, 2011 as against SETERUS (named in the caption as IBM LBPS) and MERS. Given leave to amend, Plaintiff filed an Amended Complaint on November 21, 2011. Plaintiff's amendment maintains claims against MERS and SETERUS, changing the name of SETERUS from IBM Lender Business Process Services to SETERUS.

On December 5, 2011, MERS and SETERUS filed the Motion to Dismiss. SETERUS was mistakenly identified as IBM LBPS. In response to the Motion, Plaintiff filed a Motion to Make More Definite Statement pursuant to FRCP 12(e). That rule states:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

*Fed. R. Civ. P. 12*

Here, Plaintiff's sole contention is that SETERUS "…is no longer a party to this case" (*see* Motion, p. 2) and, based on this flawed assumption, the pleading "…is so vague or ambiguous that [Plaintiff] cannot reasonably prepare a response" (*see* Opposition, p. 3). For this reason, the Motion requests that MERS "…submit its own Motion, stating with particularity its own grounds and the relief it seeks for the dismissal order against me, made as a definite statement sufficient to satisfy Rule 12(e) and this Court". *See* Motion, p. 3. In other words, Plaintiff is requesting that MERS files yet another pleading with this Court, setting forth the same defenses and request for dismissal contained in the Motion to Dismiss.

Given the fact SETERUS remains a party to this case and filed the Motion to Dismiss, said motion *is not* so vague or ambiguous that Plaintiff cannot reasonably respond. The Motion to Dismiss plainly articulates those stated grounds for dismissal of the Amended Complaint, which are Plaintiff's failure to correct any of the deficiencies of the original Complaint within the Amended Complaint as well as the law of the case doctrine, which provides for dismissal of Plaintiff's Amended Complaint based on this Court's prior ruling of the original Complaint. *See* Motion to Dismiss, generally. The pleading and attached exhibits are sufficient to enable Plaintiff to answer responsively. *Oil & Gas Ventures-First 1958 Fund, Ltd. v. Kung*, 250 F. Supp. 744, 758 (S.D.N.Y. 1966) (holding that a Complaint, claiming conspiracy of wrongfully taking monies and supported by affidavits and documents, contained details sufficient for defendants to answer responsively). Plaintiff should not be allowed to capitalize on the Motion to Dismiss' mistaken designation of SETERUS. The Motion should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# VII.
# CONCLUSION

WHEREFORE, Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS and SETERUS, INC. hereby request that the Court deny Plaintiff's Motion to Make a More Definite Statement.

DATED this 17th day of January, 2012.

BROOKS BAUER LLP

By: /s/ Zachary T. Ball, Esq.
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

On this day, I served a copy of the foregoing **OPPOSITION TO MOTION TO MAKE A MORE DEFINITE STATEMENT** on all parties in said action through the United States District Court, District of Nevada's electronic filing service. Additionally, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Ellery J. Pettit<br>6868 SkyPointe Drive #2136<br>Las Vegas, Nevada 89131<br>*Plaintiff* | Jay Earl Smith, Esq.<br>Joseph T. Prete, Esq.<br>Katie M. Weber, Esq.<br>SMITH LARSEN & WIXOM<br>Hills Center Business Park<br>1935 Village Center Circle<br>Las Vegas, NV 89134<br>*Attorneys for JPMorgan Chase Bank, N.A.* |

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 17th day of January, 2012 at Las Vegas, NV.

                                                    /s/ Dawn M. Waddoups
                                             An Employee of BROOKS BAUER LLP