Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; SETERUS, INC.,<br><br>            Defendants. | Case No.:     2:11-cv-00149-GMN-PAL<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS** |

   COME NOW, Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), SETERUS, INC. ("SETERUS") and FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") (jointly referred to as "Defendants"), by and through their counsel of record, BROOKS BAUER LLP and hereby submit their Reply in support of Motion to Dismiss and Motion to Expunge Lis Pendens [Dkt. No. 47] ("Motion").  This Reply is based upon the following Memorandum of Points and Authorities in support of the Motion, the papers and pleadings on file herein, and any oral argument that this Court wishes to hear on this matter.

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In response to Defendants' Motion to Dismiss, Plaintiff filed an Opposition that fails to adequately address the flaws in Plaintiff's Amended Complaint. Instead, Plaintiff's seventeen (17) page Opposition exclusively argues points that this Court has already dismissed in a previous Order. In the end, the Amended Complaint fails to allege that Plaintiff was not in default. Plaintiff cannot support a claim declaratory judgment (i.e. wrongful foreclosure). For this reason, the law of the case doctrine and NRCP 12(b)(6) bar Plaintiff's sole claim for declaratory judgment.

## II.

## ARGUMENT

### A. PLAINTIFF HAS NOT MET HIS BURDEN OF ALLEGED THAT HE WAS CURRENT WITH HIS LOAN OBLIGATION.

Plaintiff filed this Amended Complaint on November 21, 2011 ("Amended Complaint"), only seeking relief for declaratory judgment. There is no allegation that Plaintiff is current on his loan obligation. This Court has ruled that: (1) "…Declaratory Judgment is not a substantive cause of action, but, rather, is a remedy…" (*see* Order, p. 4, ll. 10-11); and (2) alternatively construing Plaintiff's declaratory judgment request as a wrongful foreclosure cause of action, "…Plaintiff has failed to allege that he was not in default of his loan obligation" (*see* Order, p. 4, ll. 17-20). Here, Plaintiff's failure to allege is fatal to his claim for declaratory judgment. *See* Opposition and Amended Complaint, generally. As a result, this Court cannot exercise its equitable jurisdiction to further delay this foreclosure.

### B. PLAINTIFF'S 'HOLDER OF THE NOTE' ARGUMENT FAILS BASED ON THIS COURT'S PREVIOUS RULING.

Plaintiff's Opposition questions who the proper note holder is (see Opposition, p. 7-9). As this Court previously recognized, the Defendants need not "…prove that they own the note

prior to initiating non-judicial foreclosure proceedings". *See* Order, p. 5, ll. 9-10; citing to *Kwok v. Reconstruct Company, N.A.*, No. 2:09-cv-02298-RLH-LRL, 2010 WL 4810704, at 4. The Law of the Case Doctrine applies ***more so to the Opposition*** than to the Amended Complaint,[1] making dismissal appropriate. Moreover, FANNIE MAE received its beneficial interest in the deed of trust prior to the effective date of Nevada Assembly Bill 284. Prior to AB 284, there existed no need to record any assignments prior to recording a notice of default. *See* Assemb. B. 273, § 5.9(1), 76th Leg. (Nev. 2011). As a consequence, Plaintiff's claims[2] are irrelevant to this Court's analysis for dismissal of the Amended Complaint.

## C. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Finally, Plaintiff claims that dismissing this action with prejudice "…is not only too harsh a penalty for my inexperience, but fundamentally unfair". *See* Opposition, p. 3. However, dismissal with prejudice is appropriate pursuant to FRCP 12(b)(6). *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 109 (D. Nev. 1982) (holding dismissal with prejudice proper for a *pro per* Plaintiff that conscientiously failed to comply with the Court's orders and failed to present its claims in an orderly fashion). Plaintiff began this action over a year ago to prevent the foreclosure sale of his home. From that point until the present day, Plaintiff has failed to set forth viable claims (as evidenced by the Order). Plaintiff's claims are simply too bare and conculsory to support a wrongful foreclosure action. This Court should dismiss the Amended Complaint and expunge Plaintiff's lis pendens.

///
///
///
///
///
///

---

[1] The Law of the Case Doctrine was fully briefed in Defendants' Motion at p. 6, ll. 14-22.
[2] Plaintiff's claims are: (1) that FANNIE MAE has no claim to the Property; (2) that 'robo-signing' occurred in the chain of title; and (3) that a question exists as to who the original note holder is (*see* Opposition, p. 7).

# VII.

# CONCLUSION

WHEREFORE, Defendants hereby request that the Court, in accordance with the law of the case doctrine and FRCP 12(b)(6), dismiss Plaintiff's Amended Complaint against these moving Defendants and expunge Plaintiff's lis pendens on the grounds that Plaintiff's Opposition and Amended Complaint fail to state any claim upon which relief may be granted.

DATED this 27th day of February, 2011.

BROOKS BAUER LLP

By: /s/ Zachary T. Ball, Esq.
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is that of Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

I hereby certify that on February 27, 2012, I electronically filed the **REPLY TO OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS** with the Clerk of the Court using the CM/ECF CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jay Earl Smith, Esq.
Joseph T. Prete, Esq.
Katie M. Weber, Esq.
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, NV 89134
*Attorneys for JPMorgan Chase Bank, N.A.*

Additionally, on the 28th day of February, 2012, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Ellery J. Pettit<br>6868 SkyPointe Drive #2136<br>Las Vegas, Nevada 89131<br>*Plaintiff* | Jay Earl Smith, Esq.<br>Joseph T. Prete, Esq.<br>Katie M. Weber, Esq.<br>SMITH LARSEN & WIXOM<br>Hills Center Business Park<br>1935 Village Center Circle<br>Las Vegas, NV 89134<br>*Attorneys for JPMorgan Chase Bank, N.A.* |

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business. I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 27th day of

1  February, 2012 at Las Vegas, NV.

2

3                                           /s/ Tamara K. Olsen
                                         An Employee of BROOKS BAUER LLP
4