Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
Ph (702) 851-1191
Fax (702) 851-1198
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>  Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; SETERUS, INC.,<br><br>  Defendants. | Case No.:    2:11-cv-00149-GMN-PAL<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE – FRCP 12(f)** |

COME NOW, Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), SETERUS, INC. ("SETERUS") and FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") (jointly referred to as "Defendants"), by and through their counsel of record, BROOKS BAUER LLP and hereby submit their opposition to Plaintiff's Motion to Strike – FRCP 12(f) [ECF No. 62] ("Motion to Strike").  This Opposition is based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument that this Court wishes to hear on this matter.

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## ARGUMENT

Plaintiff is a habitual filer of pleadings that have served only to delay both these proceedings and the foreclosure of Plaintiff's property. *E.g., see* Objection to Defendants Ex Parte Contact, [ECF No. 38]; Plaintiff's Motion to Make a More Definite Statement [ECF No. 54]; and Plaintiff's Motion to Strike [ECF No. 62].

This is made clear in his Motion to Strike. Viewing the Motion in context of this action's procedural history, this pleading is Plaintiff's second filing to delay Defendants' most recent request for dismissal (the first being Plaintiff's Motion to Make a More Definite Statement to Defendants' Motion to Dismiss [ECF No. 54]). Further, the Motion to Strike was filed after the close of briefing on the Motion to Dismiss, forcing this Court to set forth a separate briefing schedule on the Motion to Strike and delaying this Court's determination of the merits of Defendants' Motion to Dismiss.

On its face, it is apparent that Plaintiff's Motion to Strike lacks merit. While Defendants submit that no response is necessary to the Motion to Strike, Defendants file this Opposition out of an abundance of caution. As Plaintiff's Motion seeks to strike two specific portions of the Reply, this pleading opposes both requests. *See* Motion to Strike, p. 2.

First, Plaintiff moves to strike the phrase "wrongful foreclosure", thus casting the phrase as immaterial and impertinent. *See* Motion to Strike, pp. 2-3. However, this Court applied the term "wrongful foreclosure" to Plaintiff's claims within its November 1, 2011 Order dismissing Plaintiff's original Complaint. *See* Order, p. 4, ll. 17-20. Accordingly, Defendants adopted this Court's terminology in its Motion and Reply. Consequently, "wrongful foreclosure" is neither immaterial nor impertinent and should remain in the Reply.

Second, Plaintiff claims that the Reply's reference to NRCP 12(b)(6) "…should be struck at least as impertinent". *See* Motion to Strike, p. 3. This reference within the Reply appears only once and in error. *See* Reply, p. 2, l. 9. This reference should have been to FRCP

12(b)(6). Yet the Reply properly cites to FRCP 12(b)(6) at all other points within the Reply, leaving no question as to the legal basis of Defendant's request for dismissal. *See* p. 3, l. 13 and p. 4 l. 5. Consequently, Plaintiff should not be allowed to capitalize on this scrivener's error and the Motion should be denied.

## II.
## CONCLUSION

This is not the first pleading in which Plaintiff has attempted to divert this Court's time and attention away from Defendants' request for dismissal. Yet, as with his previous requests, the Motion to Strike two portions of Defendants' Reply fails. First, the term "wrongful foreclosure" is entirely relevant and an apt description of Plaintiff's action. Second, Plaintiff himself claims no confusion over the mistaken citation to court rules; he should not be allowed to gain an advantage from it. Defendants therefore respectfully request that this Court deny the Motion to Strike.

DATED this 22nd day of March, 2012.

BROOKS BAUER LLP

By: /s/ Zachary T. Ball, Esq.
Michael R. Brooks, Esq.
Nevada Bar No. 7287
Zachary T. Ball, Esq.
Nevada Bar No. 8364
1645 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants*
*Mortgage Electronic Registration System,*
*Federal National Mortgage Association and*
*Seterus, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action.  My business address is that of Brooks Bauer LLP, 1645 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

I hereby certify that on March 22, 2012, I electronically filed the **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE – FRCP 12(f)** with the Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the listed CM/ECF registrants and additionally on the 22nd day of March, 2012, I served the same upon the parties in said action or proceeding by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Ellery J. Pettit
6868 SkyPointe Drive #2136
Las Vegas, Nevada 89131
*Plaintiff*

and placing the envelope in the mail bin at the firm's office.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on the same day it is placed in the mail bin, with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business.  I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 22nd day of March, 2012 at Las Vegas, NV.

/s/ Tamara K. Olsen
An Employee of BROOKS BAUER LLP