# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ellery J. Pettit,<br><br>　　　　Plaintiff<br><br>vs.<br><br>Federal National Mortgage Association;<br>Mortgage Electronic Registration Systems, Inc.;<br>Seterus, Inc.,<br><br>　　　　Defendants | Case No.: 2-11-cv-00149-JAD-PAL<br><br>**Order Granting Motion to Dismiss and to Expunge Lis Pendens [Doc. 47] and Denying Motion to Strike [Doc. 62]** |

This action arises out of pro se Plaintiff Ellery J. Pettit's default on the mortgage on his condominium unit located at 6868 Skypointe Dr., Unit 2136, Las Vegas, Nevada. Plaintiff's original Complaint for (1) Declaratory Relief; (2) Quiet Title; and (3) Money Damages for Fraudulent Attempt to Foreclose, Doc. 1, asserted claims against Pulte Mortgage, LLC, Chase Bank, Chase Home Finance, LLC, IBM Lender Business Process Services (now known as Seterus, Inc.), and the Mortgage Electronic Registration System ("MERS"). Construed liberally, as required in this Circuit,[1] Plaintiff's 12-page original complaint seeks to prevent foreclosure upon his home on the factual theory that his original lender sold the note and that the method by which it was transferred has left no one with the legal right to enforce it. Doc. 1.

---

[1] *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (courts must construe pro se motions and pleadings liberally); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

1

Seterus and MERS successfully moved to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6). The Court[2] found that Plaintiff's declaratory relief and quiet title claims lacked a cognizable underlying claim: to the extent they were founded upon a wrongful foreclosure theory, Plaintiff's acknowledgment of default on the mortgage barred these claims, *see* Doc. 39 at 4 (noting "Plaintiff admits that he has 'never denied that the loan is in default'"), while Plaintiff offered no facts to give rise to any other viable legal theory to justify these forms of relief. Doc. 39. Plaintiff's accounting claim failed because he pled no special relationship between himself and the defendants, and because his claim for "refund, fees, and costs" is not a substantive cause of action, but is rather a remedy for which no cognizable legal claim was pled. *Id.* at 5–6. Though dismissing the claims as to the moving defendants, the Court granted leave to amend to permit Plaintiff the opportunity to cure—if possible—these deficiencies. *Id.* at 6–7. The Court denied the moving defendants' attendant request to expunge the lis pendens because claims remained against the non-moving defendants. *Id.* at 7.

Plaintiff returned with an Amended Complaint for Declaratory Judgment. Doc. 44. The new, three-page pleading asserts claims only against MERS, Seterus, and newly-named defendant Federal National Mortgage Association ("Fannie Mae"). *Id.* Whereas the original complaint was replete with factual allegations—just none stating a cognizable legal claim—the new version is entirely devoid of any factual allegations whatsoever. It contains little more than a list of various relief sought, which includes a handful of declarations of rights, "costs and disbursements," an "injunction to prevent any of the Defendants from moving in any way against" the "property," and "all other relief as this court finds lawful, just and equitable, including but not limiting to quieting the title to the subject real property." Doc. 44 at 2–3.

All three remaining defendants now move this Court for dismissal and expungement of the lis pendens because Plaintiff's Amended Complaint is even less viable than his first version. Docs. 47, 56. Plaintiff opposes the motion, citing a plethora of cases and statutes that highlight the standards for dismissing pro se complaints and seeking declaratory relief. Doc. 59. He also moves

---

[2] United States District Judge Gloria M. Navarro presided over this case before it was transferred to the undersigned on August 9, 2013. Doc. 67.

under Rule 12(f) to strike Defendants' reply in support of their motion to dismiss primarily because the reply brief characterizes his claim as one for wrongful foreclosure, although the "Amended Complaint was *not* about 'wrongful foreclosure.' No form of the word 'foreclose' is used in *anything* [Plaintiff has] filed with this court and served on defendants from [the] Amended Complaint forward to [Plaintiff's] last Response." Doc. 62 at 2 (emphases in original).

Plaintiff has failed to cure any of the deficiencies that the Court identified when granting leave to amend. Instead of supplementing the facts that the Court deemed "too bare and conclusory," "vague and fanciful," and "insufficient to make Plaintiff's claim plausible, not just possible"—as required by the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—Plaintiff has completely eliminated them. Doc. 39 at 4–6. He has identified no viable legal theory upon which the remedies he seeks could be awarded, and he vehemently denies that he intends to make out a wrongful foreclosure case. Doc. 62. Despite many vehicles—opportunity to amend, an opposition to a motion to dismiss, and a motion to strike—Plaintiff has failed to identify facts that give rise to a legal right to the relief he seeks. Accordingly, the Court grants Defendants' motion to dismiss and to expunge the lis pendens. Doc. 47. Because Rule 12(f) only authorizes this Court to strike material from pleadings (e.g., complaints and answers), not from motions, responses, or replies, the Court denies Plaintiff's motion to strike. Doc. 62.[3]

## Discussion

**A.     Defendants' Motion to Dismiss Mr. Pettit's Amended Complaint**

Defendants move this Court to dismiss the amended complaint in its entirety. They contend that the revisions reflected in this new pleading fail to cure the deficiencies in the original complaint, and they urge dismissal with prejudice based on FRCP 12(b)(6) and on "the law of the case" as established by Judge Navarro's prior dismissal order. Doc. 47. Mr. Pettit responds that he provided

---

[3] The Court finds these motions appropriate for resolution without oral argument. L.R. 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Doc. 48. The Court incorporates herein the facts and background from the previous dismissal order as no new facts have been pled since the issuance of that order and the parties are familiar with them. *See* Doc. 39 at 1–2.

the short and plain statement required by FRCP 8(a)(2)–(3).  Doc. 59.  He agrees that his sole claim is for declaratory judgment and contends that "the question of who may enforce [his] Note is still an open *and* threshold question" that the Court should answer.  *See* Doc. 59 at 9–10 (emphasis in original).  In his motion to strike, Plaintiff expressly disclaims the notion that he is asserting a wrongful-foreclosure claim.  Doc. 62 at 2.

### *1.  The Amended Complaint Fails to State an Independent Legal Cause of Action for the Relief Mr. Pettit Seeks.*

Although Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," defending a complaint against a Rule 12(b)(6) attack "requires more than labels and conclusions"; it calls on plaintiffs to plead factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quoting 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).  This requires a plaintiff to state claims raising a plausible likelihood that the defendant engaged in misconduct for which the law—and courts—can offer relief.

As Judge Navarro pointed out when dismissing Plaintiff's claims against MERS and Seterus, Plaintiff's original complaint—which actually contained several pages of factual allegations—failed to rise to this level because the factual allegations were "vague and fanciful" or too speculative and conclusory" to support any viable claim.  Doc. 39 at 5–6.  Thus, Plaintiff was granted leave to amend his claims to find and plead sufficient facts to give rise to a legal right to the types of relief that he seeks.  Unfortunately, the amendment falls even farther from the mark than the original complaint.  Plaintiff's newly amended complaint has been stripped clean of facts that support any theory whatsoever, let alone a legally cognizable one—and what has now become clear (if it was not before) is that Plaintiff is essentially seeking an advisory opinion on affirmative defenses that he might ultimately have in a future action brought by the holder of his note.  Yet "federal courts have never been empowered to issue advisory opinions." *Coal. for a Healthy Cal. v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996) (citation omitted).  Because this Court lacks the power to advise Plaintiff on the

legal questions raised by his fact-bare amended complaint, Plaintiff *still* has not pled a claim that survives 12(b)(6) dismissal.

Plaintiff's three-page amended complaint is short and plain; unfortunately, it's too short and plain. To be sure, Mr. Pettit states the type of remedy he desires: he "seek[s] this court's judgment to declare all parties' rights and other legal relations" in four respects:

> (A) Under the Note and Deed of Trust material to this case (copies attached);
>
> (B) Under any and all other instruments, agreements or contracts upon which any Defendant or Defendants may base any claim to, or enforcing anything against, [his] property;
>
> (C) Under Nevada law governing negotiable instruments, and all other applicable law; and
>
> (D) Declare who are the real parties in interest and who are the strangers to the Note and Deed of Trust.

Doc. 44 at 2. Under the heading "Relief entitlement - FRCP 8(a)(2)," Plaintiff writes only that "[t]his court is authorized to grant this relief pursuant to 28 U.S.C.A. Chapter 151." *Id.* at 3. Under the heading "6. Demand for relief - FRCP 8(a)(3)," Mr. Pettit elaborates at greater length that he prays for the Court to:

> (A) declare [his] and all Defendants' rights and other legal relations according to the above;
>
> (B) order the appropriate injunction to prevent any of the Defendants from moving in any way against [his] property; and
>
> (C) order and adjudge all other relief as this court finds lawful, just and equitable, including but not limited to quieting the title to the subject real property.

*Id.*

But it's what is *not* pled that remains the problem here. The amended complaint contains absolutely no facts and, thus, no substantive claim on which relief can be granted. It does not identify or allege any rights that Plaintiff holds and Defendants violated; it does not allege what facts—if any—are in controversy. Instead, Plaintiff offers just bare labels without contentions; he seeks relief but does not present a legal problem for the Court to resolve. *Cf. Twombly*, 550 U.S. at 555 (citations omitted). The United States Supreme Court's decisions in *Twombly* and *Iqbal* make it

clear that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  "A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Bare legal conclusions "are not entitled to the assumption of truth" and cannot defeat a 12(b)(6) challenge.  *Id*. at 664.

### 2. *Declaratory Relief is a Remedy, Not an Independent Legal Cause of Action.*

Plaintiff's amended complaint alleges only a claim for declaratory relief.  But as Judge Navarro previously cautioned Mr. Pettit, a "claim" for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy.  Doc. 39 at 4 (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)).  Thus, asking the Court to declare relief "[u]nder Nevada law" or to "[d]eclare who are the real parties in interest" does not even approach a plausible claim for relief, even though this Court is liberally construing the allegations in the complaint in favor of this pro se plaintiff.  The federal Uniform Declaratory Judgment Act is a "procedural" law that "provides an additional remedy, but only in cases resting on some independent basis of federal jurisdiction."[4] *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus., State of Mont.*, 685 F.2d 1088, 1091 (9th Cir. 1982) (citing *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267 (9th Cir. 1982)); *see also Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (citations omitted) (writing that it is "well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction . . . but merely provides an additional remedy in cases where jurisdiction is otherwise established.").  "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is

---

[4] This procedural nature is why the Court applies the federal Declaratory Judgment Act, rather than the Nevada Declaratory Judgment Act, while it sits in diversity. *Krave Entm't, LLC v. Liberty Mut. Ins. Co.*, 667 F. Supp. 1232, 1237 (D. Nev. 2009).  Neither act "grant[s] jurisdiction where it otherwise would not exist," but each "merely provides an additional procedural remedy to the court." *Id.* (citing *Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981, 984 (9th Cir.1978); *Builders Ass'n of N. Nev. v. City of Reno*, 105 Nev. 368, 776 P.2d 1234, 1234 (1989)).

later dismissed on the merits," but some independently cognizable legal cause of action (such as breach of contract, wrongful foreclosure, or fraud, for example) must first be asserted. *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999).[5]

Had Plaintiff adopted the wrongful foreclosure claim that Judge Navarro suggested when liberally construing his original complaint and—and had he fixed the deficiencies in that claim that she identified (failure to allege he was not in default on his loan obligations; supporting the defendants-are-not-holders-of-the-note theory with allegations that "are too bare and conclusory to support a claim for wrongful foreclosure; and identifying no reason to justify varying from the general rule in Nevada that foreclosing parties are not required to prove that they own the note prior to initiating non-judicial foreclosure proceedings," Doc. 39 at 4–5)—he might have a legal foundation for some of the relief he seeks. *See* Doc. 39 at 4–5. But by deleting all factual allegations from his amended complaint, Plaintiff has made it impossible for this Court to find *Twombly* and *Iqbal* satisfied by this new effort. Further, his vehement disclaimer of any wrongful foreclosure claim, *see* Doc. 62, prevents this Court from doing as Judge Navarro did and giving Plaintiff the benefit of the doubt that he was intending to state a wrongful foreclosure claim but simply missed the mark.

### 3. Advisory Opinions Are Not Available.

In his opposition, Plaintiff summarizes the goal of his lawsuit as seeking answers to the questions "essentially 'where's my Note?' and 'who's the Note Holder?'", Doc. 59 at 16, and he suggests that "[u]ltimately the burden is on Defendants to prove the facts supporting their claims to [his] home." *Id*. at 9. He argues that "[t]he burden of showing these factual predicates is on the person attempting to enforce the negotiable instrument," and "[h]ere, that's Defendants, not me." *Id.* at 9 n.20. It appears this is the crux of the problem: Plaintiff is essentially seeking an advisory

---

[5] This rule also applies to Plaintiff's prayer for injunctive relief because injunctive relief, standing alone, is not a cause of action. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 860 P.2d 176, 178 (Nev. 1993) (referring to an injunction as a remedy); *Cole v. CIT Grp./Consumer Fin., Inc.,* 2010 WL 5134999, at *1 n.1 (D. Nev. Dec. 9, 2010) (stating that injunctive relief is a remedy, not a cause of action, and affirming grant of summary judgment in wrongful foreclosure action). Like declaratory relief, injunctive relief is available only when a plaintiff is entitled to such a remedy on an independent cause of action.

opinion on the viability of affirmative defenses that he may have to claims that the Defendants may ultimately bring against him, but which are not the subject of this lawsuit. Without any actual cause of action upon which relief can be granted, this Court's answers to these questions would be merely advisory opinions that will have no effect on any judicial proceeding. *See, e.g.*, *Coffman v. Breeze Corps.,* 323 U.S. 316, 324 (1945) (rejecting declaratory relief claim that was "but a request for an advisory opinion as to the validity of a defense to a" future suit for recovery of royalties); *accord, Calderon v. Ashmus*, 523 U.S. 740, 747 (1998)). "Whether in actions for declaratory judgment or other relief, federal courts established under Article III of the Constitution do not render advisory opinions." *U. S. Servicemen's Fund v. Killeen Indep. Sch. Dist.*, 489 F.2d 693, 694 (5th Cir. 1974) (citing *United Public Mine Workers v. Mitchell*, 330 U.S. 75, 89 (1947)).

### *4.  No Further Amendment Is Justified.*

Although amendment is liberally offered in federal courts, but it is not limitlessly offered. Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). If the district court finds that amendment would futile, the court has discretion to foreclose amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Declaratory Judgment Act affords neither jurisdiction to this Court nor independently viable legal claims that Mr. Pettit can test on their merits. *See id*. (noting that a plaintiff should "be afforded an opportunity to test his claim on the merits" when "the underlying facts or circumstances relied upon" may "be a proper subject of relief"). He vehemently disclaims any wrongful foreclosure theory despite Judge Navarro's liberal construction in her order permitting amendment. Doc. 39 at 4. He has also stripped his new complaint of factual allegations and has demonstrated an inability to identify any set of facts that would support a cognizable claim in his case against MERS, Seterus, and Fannie Mae, and, indeed, it appears what that he really seeks is an advisory opinion on potential affirmative defenses to a future foreclosure action. A second amendment would therefore be futile. However, because the Court does not wish to bar inadvertently any of Plaintiff's theories in the event they ripen into affirmative defenses to future claims, the Court dismisses this action without prejudice.

### B. Defendants' Motion to Expunge Lis Pendens

Defendants also ask the Court to expunge the notice of lis pendens that Plaintiff recorded in conjunction with this lawsuit. Doc. 47. A notice of lis pendens is literally a notice of a pending lawsuit affecting real property. When the underlying litigation concludes, the need for the notice—and justification for the cloud on title—evaporates. *See, e.g.*, Nev. Rev. Stat. §§ 14.010–14.015(5) (authorizing the cancellation of a notice of lis pendens when, *inter alia*, the filing party has failed to establish a likelihood of prevailing in the action). As the Court has dismissed this action, the justification for the lis pendens has ceased. The motion to expunge the notice of lis pendens is granted. Defendants are ordered to submit to the Court a proposed order expunging the notice of lis pendens within ten days of this order in compliance with Local Rule 7-2(f).

### C. Plaintiff's Motion to Strike

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The target of Plaintiff's request to strike is not a pleading, but rather the contents of Defendants' reply brief in support of their motion to dismiss and to expunge the lis pendens. *See* Doc. 62. "Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers." *Parker v. CMRE Fin. Svcs, Inc.*, 2007 WL 3276322, at *4 (S.D. Cal. Nov. 5, 2007) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885–86 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike"). As FRCP 12(f) does not afford litigants a basis for moving to strike language from reply briefs, Plaintiff's motion to strike portions of Defendant's reply brief (Doc. 62) is denied.

### Conclusion

Based on the reasons fully set forth above and with good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and Motion to Expunge Lis Pendens **[#47] is GRANTED.** Plaintiffs' Amended Complaint is DISMISSED in its entirety under FRCP 12(b)(6) for failure to state a cognizable claim for relief after having been afforded the opportunity to cure the deficiencies identified in the Court's previous dismissal order;

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike **[#62] is DENIED**;

**IT IS FURTHER ORDERED** that within ten days of this order Defendants shall submit to the Court (in compliance with Local Rule 7-2(f)) a proposed order expunging the notice of lis pendens.

DATED February 11, 2014.

_____
Jennifer A. Dorsey
United States District Judge