UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ellery J. Pettit,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Federal National Mortgage Association;<br>Mortgage Electronic Registration Systems, Inc.;<br>Seterus, Inc.,<br><br>　　　　Defendants. | Case No.: 2-11-cv-00149-JAD-GWF<br><br>**Order Denying Plaintiff's Motion for Reconsideration[#72]** |

This action arises out of pro se Plaintiff Ellery J. Pettit's default on his condominium mortgage and his efforts to prevent foreclosure. After I dismissed this case for failure to state a cognizable claim and judgment was entered in favor of the defendants, Docs. 68, 69, Mr. Pettit filed both a document titled "Objections to Orders and Judgment–FRCP 46," which challenged the dismissal order, and a notice of appeal. Docs. 72, 73. The Ninth Circuit construed these "Objections" as a tolling motion, Doc. 75, and to ensure that Mr. Pettit's arguments would be preserved for appeal, I liberally construed these "Objections" as a Rule 59(e) motion to alter or amend the judgment. *See* Doc. 79. I now consider the arguments in that motion, find that Mr. Pettit has not shown that this is one of the "highly unusual circumstances"[1] in which a Rule 59(e) motion should be granted, and deny his motion.

**Background**

As I explained in my Order Regarding "Objections" to Order Dismissing Case issued on April 14, 2014, the procedural history of this case is a bit unusual.[2] After Mr. Pettit eschewed any intention to state a wrongful foreclosure claim, and his amendment of his complaint failed to yield a

---

[1] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

[2] Doc. 79.

1

cognizable claim for relief, I dismissed his action under Rule 12(b)(6) on February 11, 2014.[3]  A clerk's judgment in favor of the defendants was entered the following day.[4]  Twenty-seven days later, Mr. Pettit filed a document entitled "Plaintiff's Objections to Orders and Judgment—FRCP 46" and a notice of appeal.[5]  In its initial jurisdictional review, the Ninth Circuit characterized Mr. Pettit's motion as one tolling the time for appeal and noted that Mr. Pettit's notice of appeal would not take effect until that motion is resolved.[6]  An objection purportedly filed under FRCP 46 is not listed in Federal Rule of Appellate Procedure 4(a)(4) as a document that tolls the time for appeal, and Rule 46 is not a vehicle for obtaining review of a dismissal order or judgment.  Thus, I took the Ninth Circuit's lead and, in the interest of liberally construing pro se filings, I treated Mr. Pettit's "Objections" as a Rule 59(e) motion to alter or amend the judgment and directed briefing accordingly.[7]

Defendants responded to this motion by noting that Mr. Pettit "fails to present any new facts or law that would warrant reconsideration"; instead he "relies on veiled insults at this Court and inapplicable legal authorities."[8]  In his reply, Mr. Pettit expresses his frustration that "Defendants and this court bootstrapped [his] Objection clearly made under one FRCP to another with a completely different set of requirements of the rule of [their] choosing."[9]  He also suggests that "this court seems incapable of grasping the difference between FRCP 46 and 59"[10] and that this lack of understanding is "little more than yet another procedural trick and an annoying inconvenience to my

---

[3] Doc. 68.

[4] Doc. 69.

[5] Docs. 72, 73.

[6] Doc. 75.

[7] Doc. 79.  I also denied defendants' motion to strike the Objections. *Id*. at 1.

[8] Doc. 80 at 3.

[9] Doc. 84 at 2.

[10] *Id*. at 2-3.

quest for justice."[11] To be sure, my rulings were not "trick[s]" to "inconvenience" Mr. Pettit or his "quest for justice"; they were intended to apply rules of law to the unique circumstances of this case and liberally construe his pro se filings to achieve justice.[12] Mr. Pettit has not demonstrated any error in those rulings.

**Discussion**

**A.    FRCP 46 versus FRCP 59(e)**

Rule 46 of the Federal Rules of Civil Procedure is not a vehicle for raising a post-judgment challenge. Instead, the rule essentially codifies the common practice of requiring a party to raise timely objections during trial and other trial-like proceedings to challenge "an extremely wide range of judicial rulings on evidence, including the formulation of the issues for trial, the content of various arguments of counsel for either side, the submission of the case to the jury, the interrogation and qualification of prospective jurors, and all of the other various events that can occur throughout the typical trial."[13] To challenge a dismissal order or judgment, other rules apply more specifically. Rules 59(e) and 60 both provide direct vehicles for post-judgment relief. And when a litigant files a post-judgment motion lodging a substantive challenge to a decision on the merits within 28 days, the Ninth Circuit treats the motion as one brought under Rule 59(e), regardless of its title.[14] Thus, various trial courts have similarly construed Rule 46 "objections" like Mr. Pettit's as Rule 59(e) or 60(b) motions. As Mr. Pettit's "Objection" challenges matters encompassed within the merits of the

---

[11] *Id.* at 3.

[12] Mr. Pettit, himself, has advised this court that it must construe his pleadings and papers liberally. *See, e.g.,* Doc. 22 at 1.

[13] Wright & Miller, Federal Practice & Procedure: Civil 3d § 2472.

[14] *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1130 (9th Cir. 2004) (quoting *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)) ("Because Rule 59(e) motions are the type of motions that ought to be ruled on by the district court before jurisdiction passes to the court of appeals, 'a postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the merits.'"); *Iascone ex rel. Iascone v. Conejo Valley Unified Sch. Dist.*, 15 F. App'x 401, 402 (9th Cir. 2001) ("Although the Iascones' June 1, 1999, motion did not expressly invoke Rule 59(e), nomenclature is not controlling; we look to the substance of the motion in determining how it should be treated."). This is also likely why the Ninth Circuit responded to Mr. Pettit's notice of appeal by noting that the notice was "filed during the pendency of a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4)": it, too, construed Mr. Pettit's Rule 46 objection as a Rule 59(e) motion.

3

1 judgment entered in this case, and it was filed within the 28-day deadline for Rule 59(e) tolling
2 motions, *see* Doc. 72, I now consider and decide it under Rule 59(e).[15]

### B.     Mr. Pettit's Motion for Reconsideration

Rule 59(e) does not list "specific grounds for a motion to amend or alter[;]" and, "the district court enjoys considerable discretion in granting or denying the motion."[16]  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."[17]  "[O]ther, highly unusual circumstances," also may "warrant[ ] reconsideration."[18]  Amending a judgment after its entry remains "an extraordinary remedy [that] should be used sparingly."[19]

Mr. Pettit's submission, though clearly thoughtfully prepared, has not demonstrated any of these grounds for relief.  He simply revisits arguments I have already found unpersuasive, and these arguments (grounded primarily in fundamental misunderstandings of legal principles) have not become more persuasive by their repetition.  For example, he argues that "[t]he court has *again* ignored Defendant Seterus' lack of standing" and insists he has "actively disputed Seterus' naked claim it is a party."[20]  But this argument is—as defendants characterize it—"puzzling,"[21] because

---

[15] *Brey v. Countrywide Bank*, 2010 WL 2245586 at *1 (D. Nev. 2010); *Hernando v. Hamamoto*, 2013 WL 6485247 at *1 (D. Haw. Dec. 9, 2013).

[16] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

[17] *Herron*, 634 F.3d at 1111 (citation omitted).

[18] *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

[19] *Herron*, 634 F.3d at 1111.

[20] Doc. 72 at 3 (emphasis in the original).

[21] Doc. 80 at 4.  The likely explanation is that Mr. Pettit is offering arguments designed to respond to foreclosure actions in which the bank or deed-of-trust beneficiary is the plaintiff and the homeowner is the defendant.

4

Seterus became a party once Mr. Pettit, himself, named it as a defendant in his amended complaint.[22] (Defendants, for their part, would apparently welcome the dismissal of Seterus.[23])

Mr. Pettit also continues to challenge my understanding of his declaratory relief claims, suggesting I am "ignorant of declaratory proceedings."[24]  My understanding of declaratory proceedings is one shared by Judge Navarro, who handled this case before it was transferred to me. Both of us explained to Mr. Pettit that "a 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy."[25]  It is also an understanding shared by the Ninth Circuit.  In *Miller-Wohl Co. Inc v. Comm'r of Labor & Indus. State of Mont.*, the panel explained that the Declaratory Judgment Act ("DJA") is a "procedural" law that "provides an additional remedy, but only in cases resting on some independent basis of federal jurisdiction."[26]  Mr. Pettit pleads no breach-of-contract claim or wrongful foreclosure claim or any other claim to which a request for declaratory relief could be attached as the "additional remedy" it is, to borrow the Ninth Circuit's phrase.  He simply makes the bald demand that I "declare all parties' rights and other legal relations: (A) Under the Note and Deed of Trust material to this case; (B) Under any and all other instruments, agreements or contracts upon which any Defendant or Defendants may base any claim to, or enforce anything against, my property; (C) Under Nevada law governing negotiable instruments, and all other applicable law; and (D) Declare who are the real parties in interest and who are the strangers to the Note and Deed of Trust."[27]

---

[22] *See* Doc. 44.

[23] Doc. 80 at 4-5 ("Such argument favors the dismissal of Seterus as party, which is one of MERS Defendants' ultimate positions.").

[24] Doc. 72 at 5.

[25] See Doc. 68 at 6 and Doc. 39 at 4. (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 F. App'x 154, 156-57 (9th Cir. 2010) (affirming dismissal of declaratory relief claim where viable substantive claim was absent).

[26] 685 F.2d 1088, 1091 (9th Cir. 1982) (citing *Alton Box Bd. Co. v. Espirit de Corp.*, 682 F.2d 1267 (9th Cir. 1982)).

[27] Doc. 44-2.

To obtain declaratory relief, the plaintiff must demonstrate "a case of actual controversy"—i.e., facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[28]  Although Mr. Pettit's amended complaint contains the conclusory statement that he makes his claim "against Defendants' claims to [his] property, an actual controversy within the meaning of the federal Declaratory Judgment Act and the Federal Constitution," and he baldly refers the court to an attached Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust,[29] he identifies no controversy or adverse position whatsoever.  Although I can glean from the notice that Mortgage Electronic Registration Systems, Inc. ("MERS")—the purported beneficiary of the deed of trust on Mr. Pettit's condominium unit—was taking the position in January of 2011 that Mr. Pettit was in default of his mortgage obligations, the amended complaint and its attachments are silent with respect to Mr. Pettit's position on MERS's rights under the deed of trust.[30] Mr. Pettit has, however, conceded in other filings in this case that "Plaintiff has never denied that the loan is in default."[31]  Because the amended complaint identifies no actual controversy between parties with adverse legal interests for the court to resolve, Mr. Pettit has failed to plead a claim that triggers the jurisdiction of this court.

Even if Mr. Pettit had pled a cognizable claim under the DJA, I would have exercised my discretion to decline to hear it.  Declaratory judgments generally serve to resolve uncertainty faced by potential defendants who may accrue legal liability while waiting for potential plaintiffs to initiate an action.[32]  District courts have discretion to hear a declaratory judgment action and can decline to do so "[w]here the substantive suit would resolve the issues raised by the declaratory judgment action, . . . because the controversy has 'ripened' and the uncertainty and anticipation of

---

[28] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

[29] *See* Doc. 44 at 1 & 5.

[30] *See* Doc. 44.

[31] Doc. 22 at 4.

[32] *See Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938 (9th Cir. 1981).

litigation are alleviated."[33]

As the defendants mentioned in their motion to dismiss this amended complaint, at the time of that filing, "the Nevada Foreclosure Mediation Program ha[d] not yet issued a certificate allowing the foreclosure to proceed."[34]  Nevada has adopted a comprehensive mortgage-foreclosure program, which includes mediation and the right to petition for judicial review.[35]  It appears that the defendants have already initiated that process under Nevada's statutory scheme, and plaintiff will have all the rights and opportunities it provides homeowners.  That process should resolve the issues raised by Mr. Pettit's declaratory relief claim, and the uncertainty and anticipation that might otherwise compel me to hear this case has been alleviated.  Accordingly, even if Mr. Pettit had pled a viable declaratory relief action, I would have exercised my discretion to decline to hear it.

### Conclusion

Mr. Pettit failed to plead a viable declaratory relief action under the DJA;  even if he had, I would have exercised my discretion to decline to hear it.  Accordingly, Mr. Pettit's tolling motion **[Doc. 72] is DENIED**.

DATED November 12, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[33] *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008).

[34] Doc. 47 at 3.

[35] *See Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1285 (Nev. 2011); Nev. Rev. Stat. § 107.400 et seq.

7